David **VENEN**, Appellant,

v.

Honorable Charles C. **SWEET**, Individually and in his capacity as President Judge of the Court of Common Pleas of Washington County Pennsylvania; Avella Area School District; John Dryer, Alex Hamilton, Eugene Painter, Jr., Emanuel Paris, Thomas Zellers, all individually and as members of the Board of Directors of the Avella Area School District; Central Tax Bureau, Inc., a Pennsylvania Corporation and Paul Slifer, individually and as agent for the Central Tax Bureau, Inc., Appellees.

No. 84–3251.

United States Court of Appeals,
Third Circuit.

Argued Nov. 1, 1984.
Decided March 29, 1985.

Peter M. Suwak (argued), Washington, Pa., for appellant.

Paul J. Gelman (argued), Philadelphia, Pa., for appellees.

Before GARTH and SLOVITER, Circuit Judges and BARRY, District Judge *.

## OPINION OF THE COURT

BARRY, District Judge.

This case presents the issue of whether the district court had power to grant a motion for reconsideration while the underlying action was on appeal to this court. While simply stated, the issue raises a host of considerations which must inform a district court's determination as to whether, in such a circumstance, it has jurisdiction to proceed. The court below erred in proceeding. We write vacating the orders it was without jurisdiction to enter and setting forth for the guidance of district courts and appellate practitioners those principles applicable to the determination of whether a district court can act or cannot act after a notice of appeal has been filed.

## I.

On October 24, 1983, David Venen filed a three count complaint naming the Hon.

Charles C. Sweet of the Court of Common Pleas of Washington County, Pennsylvania; the Avella Area School District and its Board of Directors; and the Central Tax Bureau, Inc. and one of its agents as defendants. The complaint, brought pursuant to 42 U.S.C. § 1983, alleged violations of Venen's civil rights and raised pendent state tort claims, including malicious abuse of process, false imprisonment and the intentional infliction of mental distress.

The gravamen of the complaint concerned Venen's prosecution for failing to file a tax return required by local ordinance and failing to pay any taxes due and owing. Venen alleged that the school district and the tax bureau and their agents had engaged in the illegal practice of utilizing the criminal process to coerce payment of a civil tax debt. Further, he alleged that Judge Sweet, acting without jurisdiction, intervened in the criminal prosecution and, thereafter, in various ways, violated Venen's rights.

On November 15, 1983, Judge Sweet moved to dismiss the damage claim against him on the ground of judicial immunity and to dismiss the claims for declaratory and injunctive relief on the ground that insufficient facts to warrant such relief had been alleged. By opinion and order filed February 3, 1984, the district court denied Judge Sweet's motion with reference to the damage claim and granted it with reference to the claims for declaratory and injunctive relief. More specifically, viewing the facts alleged in the complaint as true, as it was required to do, the court determined that Judge Sweet had acted in the absence of jurisdiction and hence was not protected by judicial immunity as that doctrine was defined and limited in *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The court also determined that declaratory relief was inappropriate because there was no substantial controversy of sufficient immediacy to warrant such relief. Finally, the court found that the in-

---

* Honorable Maryanne Trump Barry, United States District Court for the District of New Jersey, sitting by designation.

junctive relief requested—an order directing that Venen's criminal record be corrected to reflect the illegality of the sentence imposed—was too great an intrusion into state processes.

On February 21, 1984, Judge Sweet filed a notice of appeal from the denial of his motion to dismiss on the ground of judicial immunity, and the appeal was docketed in this court (CA No. 84–3104). Thereafter, on March 16, 1984, Judge Sweet moved in the district court for relief from, and reconsideration of, the order of February 3, 1984 insofar as that order denied his motion to dismiss. Three days later, Venen moved in this court to dismiss Judge Sweet's appeal on the ground that an appeal cannot be taken from a non-final order of the district court.

On March 29, 1984, while the appeal and Venen's motion to dismiss the appeal were pending before this court, the district court, pursuant to a Pennsylvania statute which had not been previously brought to the court's attention but which the court believed established Judge Sweet's jurisdiction to have acted in the Venen matter, treated Judge Sweet's motion as a motion for reconsideration and, on reconsideration, dismissed the damage claim and cross claim on the ground of judicial immunity, leaving no claims remaining against Judge Sweet. Venen moved for entry of final judgment pursuant to Fed.R.Civ.P. 54(b) or, in the alternative, for vacation of the March 29, 1984 order, arguing that the district court lacked jurisdiction to act during the pendency of Judge Sweet's appeal. By opinion and order filed April 19, 1984, the district court directed entry of judgment under Rule 54(b), noting that it had retained jurisdiction because the appeal in No. 84–3104 had been an appeal from a nonappealable order, and thus that it had

not lost jurisdiction to enter its subsequent order on reconsideration.[1]

On April 24, 1984, Venen filed a notice of appeal and now raises two issues in this court. First, Venen argues that on March 29, 1984, the district court lacked jurisdiction to reconsider and, on reconsideration, to grant the motion to dismiss the complaint on the ground of judicial immunity while its earlier denial of the same motion was pending in this court. It follows, although Venen does not so argue, that if the March 29, 1984 order was entered without jurisdiction, so too was the April 19, 1984 order granting Venen's Rule 54(b) motion. Second, Venen complains that both the February 3, 1984 decision of the district court insofar as it denied him declaratory and injunctive relief and the March 29, 1984 decision of the district court which cloaked Judge Sweet with judicial immunity were incorrect. Given our disposition of the first issue, which, in the absence of disputed facts, involves the interpretation and application of principles of law subject to plenary review, *see Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102–03 (3d Cir.1981), we need not and will not reach the second.

## II.

As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *United States v. Leppo*, 634 F.2d 101, 104 (3d Cir.1980). "Divest" means what it says—the power to act, in all but a limited number of circumstances,[2] has been taken away

---

1. On May 4, 1984 this Court granted Judge Sweet's motion to withdraw the appeal in No. 84–3104.

2. A district court, during the pendency of an appeal is not divested of jurisdiction to determine an application for attorney's fees. *West v. Keve*, 721 F.2d 91, 95 n. 5 (3d Cir.1983). Nei-

ther is it without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions. *See* Fed.R.App.P. 7 and 8. A district court also retains jurisdiction to issue orders with reference to the record on appeal, *see* Fed. R.App.P. 10 and 11, and to vacate a bail bond and order arrest. *United States v. Elkins,* 683

and placed elsewhere. This judge-made rule has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously. The district court understood this basic principle.

■ Similarly, relying on this court's observation in *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275 (3d Cir. 1962), overruled on other grounds, *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084, 1087 (3d Cir.1972), the district court understood that "One exception, in both civil and criminal cases is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable.... An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity'." *Id.* at 277, n. 7.[3] Indeed, a contrary conclusion would enable a litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process. This "great potential for disruption" has been recognized by this court. *United States v. Leppo*, 634 F.2d at 105.

■ But while denials of motions to dismiss are not, in most instances, immediately appealable, the denial of a motion to dismiss on the ground of absolute immunity does not fall within that general rule. The district court erred as a matter of law in characterizing its order denying Judge Sweet's motion as non-appealable.[4] The court observed: "Defendant Sweet did not seek certification to appeal that order, which was not a final order, and this Court is not aware of any statute or case authority that makes a denial of a motion to dismiss an appealable order." (App. at 94a, n. 1)

In *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir.1979), *cert. denied*, 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981) (Forsyth I), we held that the denial of a motion for summary judgment on the issue of absolute immunity is appealable under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Nixon v. Fitzgerald*, 457 U.S. 731, 742–43, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982), the Supreme Court came to the same conclusion, holding that an order denying a claim of absolute immunity is appealable under the collateral order doctrine before a final judgment is entered. As this court observed in *Forsyth I*, absolute immunity, like double jeopardy, *see Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), protects one from being subjected to trial. *See also Forsyth v. Kleindienst*, 700 F.2d 104 (3d Cir.1983) (Forsyth II) (opinion sur grant of stay). Thus, when Judge Sweet appealed

---

F.2d 143, 145 (6th Cir.1982). *See also* 9 J. Moore, *Moore's Federal Practice* ¶ 203.11 at n. 2 (1980). Although we do not suggest that these are the only circumstances in which a district court retains power to act, we reiterate that the instances in which such power is retained are limited.

3. *See also United States v. Leppo*, 634 F.2d at 104–05; *United States v. Hitchmon*, 602 F.2d 689, 691, 694 (5th Cir.1979) (en banc); *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340–41 (10th Cir.1976), *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977); *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 519, 34 L.Ed.2d 488 (1972); *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir.1966) (en banc), *cert. denied*, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); 9 *Moore's, supra* ¶ 203.11.

4. Counsel for Venen characterized the order in the same manner and counsel for Judge Sweet failed to understand the ramifications. Thus, Venen moved to dismiss the appeal on the ground that it was taken from a non-appealable order. Judge Sweet argued to this court that the order appealed from was an appealable order, yet moved the district court for relief from the judgment he had appealed. Before this court on this appeal, Venen again described the initial order appealed from as non-appealable. At oral argument, counsel for Judge Sweet conceded that if the initial appeal was the proper appeal he believed it to be when he filed it and when he contested the motion to dismiss the appeal, the district court was without power to issue the orders of March 29 and April 19.

the denial of his motion to dismiss, that appeal was proper.

■ As the appeal was taken from what was in fact an appealable order, the district court was required to consider the effect of that appeal on Judge Sweet's "Motion for Relief from [the] Order of February 3, 1984," and required to determine whether that motion provided one of the "limited circumstances" in which the court retained power to act. For example, had Judge Sweet, either before or after the filing of the notice of appeal, timely moved under Fed.R.Civ.P. 59(e) to amend or alter the judgment, or timely moved under Rule 52(b), the only other potentially applicable motion specified in Fed.R.App.P. 4(a)(4)[5], under the 1979 amendment to Rule 4(a)(4), the notice of appeal would have had no effect and the district court would have had power to decide the motion.[6]

■ But the motions set forth in Rule 4(a)(4) are explicitly required to be served not later than ten days after entry of judgment, a time limit which may not be extended, Fed.R.Civ.P. 6(b), because of an understandable reluctance to rejuvenate a dispute which, through the expiration of the requisite time, had become settled. Thus, if Judge Sweet's motion was in fact if not in name a Rule 52(b) or Rule 59 motion, it was untimely and the district court lacked power to act.

■ The same result would have obtained if Judge Sweet's motion had been the motion for reconsideration the district court and the parties treated it as being. For purposes of Fed.R.App.P. 4(a), this court regards a motion labeled only as a motion for reconsideration as the functional equivalent of a Rule 59 motion, here untimely, to alter to amend a judgment. *Richerson v. Jones*, 572 F.2d 89, 93 (3d Cir.1978); *Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir.1970).

■ Where, however, a motion for reconsideration is labeled as a Rule 60(b) motion for relief from a judgment or order under circumstances enumerated within that Rule, and treating it otherwise would destroy appellate jurisdiction, that motion will be treated as the Rule 60(b) motion it states that it is even though it may concern matters more appropriately addressed under Rule 59. A timely Rule 60(b) motion does not, however, stay the time for filing a notice of appeal whether it includes the words "motion for reconsideration" or not. *See In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 880 n. 7 (3d Cir.1984). *See also Dougherty v. Lehman*, 711 F.2d 555, 566 n. 21 (3d Cir.1983).

■ Although not denominated as such, Judge Sweet's motion purported to describe in non-specific terms a motion pursuant to Rule 60(b). With reference to the 60(b) ground most relevant here, i.e. the (b)(1) ground of "mistake, inadvertence, surprise, or excusable neglect", the motion was required to have been made within a "reasonable time" but not more than one year after the order denying the motion to

---

**5.** Fed.R.App.P. 4(a)(4) provides:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided

above. No additional fees shall be required for such filing.

**6.** We recently held in *United States (Scott R. Hammond) v. Rogers Transportation, Inc.*, 751 F.2d 635 (3d Cir.1985) that there is no legal distinction between a Rule 59(e) motion timely filed before the filing of a notice of appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. at 60–61, 103 S.Ct. at 403, and a Rule 59(e) motion timely filed after the notice of appeal and concluded that, in either case, appellate jurisdiction is prohibited by Rule 4(a)(4), Rule 59(e), and *Griggs. See also Barrowclough v. Kidder, Peabody & Co., Inc.*, 752 F.2d 923, 929 (3d Cir.1985); *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184–85 (3d Cir.1983).

dismiss was entered. Were we to treat the motion for relief from the February 3 order as a Rule 60(b)(1) motion rather than as the functional equivalent of the Rule 59 motion we deem it to be, that motion was timely.

■■■■ But a timely 60(b) motion, without more, would not have enabled the district court to act while the appeal was pending. As suggested above, a motion under Rule 60 does not affect the finality of a judgment or suspend its operation and is not one of those motions specified in Fed.R.App.P. 4(a)(4) which, if timely made, renders a notice of appeal of no effect. Indeed, in *Killeen v. Travellers Ins. Co.,* 721 F.2d 87, 90 n. 7 (3d Cir.1983), we recently noted, citing *Griggs,* that the notice of appeal divested the district court of jurisdiction so that it could not act on the 60(b) motion pending before it.

Most Courts of Appeals hold that while an appeal is pending, a district court, without permission of the appellate court, has the power both to entertain and to deny a Rule 60(b) motion. If a district court is inclined to grant the motion or intends to grant the motion, those courts also hold, it should certify its inclination or its intention to the appellate court which can then entertain a motion to remand the case. Once remanded, the district court will have power to grant the motion, but not before. *See, e.g., Comm. of Puerto Rico v. SS Zoe Colocotroni,* 601 F.2d 39 (1st Cir.1979), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981); *Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303 (8th Cir.1977); *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928 (5th Cir.1976); *First National Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343 (6th Cir.1976). *See also* 7 J. Moore, *Moore's Federal Practice,* ¶ 60.30[2] (1983 rev.).

This court recently referred approvingly to the following procedure for dealing with motions brought in the district court after an appeal has been filed:

> When an appellant in a civil case wishes to make a [Rule 60(b)] motion ... while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion....

*Main Line Federal Savings and Loan Association v. Tri-Kell,* 721 F.2d 904, 906 (3d Cir.1983) quoting from *Smith v. Pollin,* 194 F.2d 349, 350 (D.C.Cir.1952). Such a procedure, if followed, would avoid some of the difficulties with which we were faced in this case.[7]

■■■ This litigation has been unduly prolonged, unnecessarily burdening this court in this appeal, as it will burden the district court in the proceedings which will undoubtedly follow. Nevertheless, jurisdictional requirements may not be disregarded for convenience sake. "We are no happier with [a dismissal for want of jurisdiction] than you are, and yet if we have no jurisdiction, we cannot act." Garth, *A View From Both Sides of the Bench,* 88 F.R.D. 93, 94 (1981). As the district court lacked jurisdiction to enter the orders of March 29 and April 19, those orders will be vacated, and this appeal dismissed.

Each party to bear its own costs.

---

**7.** When a new trial is sought under Rule 33, Fed.R.Crim.P. while the direct appeal is pending, a district court has power to deny the motion and to grant the motion once the court's intention to do the latter has been certified to the appellate court and the case remanded. *United States v. Cronic,* — U.S. —, 104 S.Ct. 2039, 80 L.Ed.2d 657 n. 42 (1984). We, too, have approved this procedure aided by the language of Rule 33 which provides that "if an appeal is pending the court may grant the motion only on remand of the case." While there appears to be no conceptual difference between Rule 60(b) and Rule 33 for this purpose and, thus, no apparent reason for the somewhat different procedure we follow, we need not decide that issue in this case.