QUEENS DECORATIVE WALLCOVER-INGS, INC.

v.

EMILIANA PARATI, S.p.A., Palette Prints, Inc., and Romano Emanuelli.

Civ. A. No. 87–3435.

United States District Court, E.D. Pennsylvania.

April 28, 1989.

Nathanson & Devak, Franklin Square, N.Y., for plaintiff.

Strock & Strock & Lavan, Bruce Schneider, New York City, for defendants.

Alan C. Kessler, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for Palette Prints, Inc.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Presently before the court is plaintiff's Motion for Reconsideration of this court's Order granting defendant Palette Prints' ("Palette") Motion for Partial Summary Judgment.

*The Timeliness of Plaintiff's Motion*

On February 21, 1989, this court, after oral argument, granted defendant Palette Prints' motion. The Order reflecting that disposition was entered March 1, 1989. Plaintiff moved for reconsideration on March 17, 1989, and subsequently filed a Notice of Appeal to the Court of Appeals on March 24, 1989. Because plaintiff's Motion was untimely on its face [1] and plaintiff had subsequently filed a Notice of Appeal, I requested the parties to brief whether this court retained jurisdiction to entertain the motion in light of *Venen v. Sweet,* 758 F.2d 117 (1985). *Venen* suggests that a Notice of Appeal filed subsequent to an untimely motion for reconsideration divests a district court of the power to consider the motion. *Id.* at 120–22. However, if the motion for reconsideration is timely, the divestment runs the other way—that is, the Notice of Appeal is of no jurisdictional significance and the case remains wholly within the district court. *See Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *Venen, supra,* at 122 n. 6.

The parties' responsive submissions establish that the parties had stipulated to plaintiff's late submission of its motion. That stipulation, although executed prior to the expiration of the filing deadline, was not presented to the court until the submission of plaintiff's motion; hence, the stipulation was never approved by the court.

Plaintiff's counsel explains that his delay in filing the motion is attributable to a series of miscommunications with the Clerk's Office. In late February, plaintiff's counsel, who practices out-of-state, requested that the Clerk of Court send him a copy of the Eastern District's Local Rules. At the time of counsel's request, a revised copy of the Local Rules was in production, and counsel was informed that a copy would not be available for two to three weeks. Counsel then asked for information regarding the time limit applicable to a motion for reconsideration. According to counsel, the Clerk's Office mistakenly informed him that the time limit was "thirteen days after the date of service by defendant's attorneys of a copy of the entered Order." Not until March 10, 1989, did counsel receive a copy of the Local Rules and learn of the ten-day time limit. Counsel again contacted the Clerk's Office, whereupon the clerk to whom he had originally spoke restated her mistaken belief that the time limit was thirteen days. Counsel then spoke to the clerk's supervisor, who discovered the error, and informed counsel that the time limit could be extended by stipulation.

I am satisfied that plaintiff's counsel's reliance on the Clerk's Office alleged misstatement of the applicable time period, coupled with the unusual circumstance that counsel was unable to obtain a copy of this district's Local Rules because of the timing of the reprinting of the rules, warrants treating plaintiff's motion as timely. At the same time, I would caution counsel that a stipulation executed by the parties without the approval of the court does not by its own force extend a filing

1. Local Rule 20(g) provides:
   Motions for reconsideration or reargument shall be served within ten (10) days after the entry of the judgment, order, or decree concerned.

deadline, particularly where the stipulation is not filed until after the original deadline's expiration.

■ Because I regard plaintiff's motion as timely, this court retains jurisdiction over the motion and plaintiff's contentions may be addressed on their merits.

### Plaintiff's Motion for Reconsideration

Plaintiff raises two issues on reargument: first, plaintiff contends that the court inappropriately characterized as issue and claim preclusive Judge McLaughlin's finding that Palette had not engaged in tortious activity in New York; second, plaintiff maintains that sufficient probative evidence of an alleged conspiracy between Palette and defendant Parati was offered to defeat summary judgment.

### The Preclusive Effect of Judge McLaughlin's Prior Findings

Plaintiff argues that Judge McLaughlin's findings regarding Palette's activities in New York are "neither issue nor claim preclusive and do not constitute the law of the case." Plaintiff Brief, at 2. In plaintiff's view, Judge McLaughlin's observation that Palette's President, Arthur Gross, was presented with a "fait accompli" by Parati's principal, Romano Emanuelli, was "mere dicta" because it was not essential to Judge McLaughlin's determination that Palette committed no tort in New York.

■ For reasons canvassed in my February 21, 1989 bench opinion, I remain persuaded that Judge McLaughlin's factual findings regarding Mr. Gross's interaction with Mr. Emanuelli in New York preclude relitigation of the substance and meaning of their exchange. More importantly, as I explained in my opinion, my finding that plaintiff had not presented sufficient evidence to withstand Palette's partial summary judgment motion was independent of my concurrent determination regarding the preclusive effect of Judge McLaughlin's ruling:

> [M]y independent judgment of the record with respect to the events antecedent to the meeting which Judge McLaughlin made findings of, is that those meetings are not ones from which any inference of

tortious activity can be drawn. That is a determination which I make independently of my concurrent determination, that Judge McLaughlin's disposition precludes a finding that Parati's activity in terminating its agreement with Queens was induced or compelled by Palette, since that activity on Parati's part took place after the meeting which Judge McLaughlin characterized as maturing in a fait accompli as far as Palette was concerned. Tr. at 18.

Hence, even I if were to regard Judge McLaughlin's findings as having no preclusive effect whatsoever, which I do not, my determination that plaintiff failed to produce sufficient evidence of tortious activity would remain firm. Accordingly, I find plaintiff's first ground for reconsideration unpersuasive.

### The Sufficiency of Plaintiff's Evidence

The second ground for reconsideration rests on plaintiff's contention that it offered sufficient evidence to "call into serious doubt PALETTE's core contention that EMILIANA PARATI's termination of plaintiff's contract was due to nonconspiratorial, profit-motivated concerns." Plaintiff Brief, at 6. According to plaintiff, the court overlooked "plentiful documentary evidence produced by plaintiff, which if circumstantial as to the conspiratorial agreement, bears directly on PALETTE's contention that PARATI terminated QUEENS for nonconspiratorial business reasons." Id. at 8. On that basis, plaintiff contends that partial summary judgment should not have been granted.

The alleged evidence that plaintiff claims to have been overlooked relates to Parati's decision to terminate business dealings with plaintiff. Plaintiff's position throughout this litigation has been that Palette induced Parati's breach. Palette, on the other hand, has suggested that Parati's decision was motivated entirely by business decisions regarding plaintiff's services as Parati's middleman, more particularly, plaintiff's failure to deliver shipments timely. Plaintiff insists that the court overlooked evidence which confirms the implausibility of Palette's account; such evidence purportedly demonstrates that plaintiff

was meticulous in performing its services as middleman.

■ Plaintiff's evidence, viewed in its most favorable light, does not raise a genuine dispute regarding Palette's allegedly tortious or conspiratorial behavior. The evidence in no way links Palette to a conspiracy with Parati to purge plaintiff from their business dealings; it simply suggests that Parati acted without good reason in terminating plaintiff.

Palette does not bear the burden of proving that Parati's reasons for termination were well-founded; nor must Palette affirmatively disprove plaintiff's allegations of conspiracy to prevail on its motion for partial summary judgment. Palette may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corporation v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This is what Palette has done.

In response, plaintiff has offered no substantial evidence, circumstantial or otherwise, that suggests that Parati's decision to terminate plaintiff was made at Palette's behest. Plaintiff's contention that Palette's alternative explanation of Parati's conduct is not persuasive does not itself create a dispute as to the propriety of Palette's conduct. Plaintiff's bare allegations, without more, are insufficient to meet its burden under Fed.R.Civ.Proc. 56(e).

In sum, the record before the court cannot plausibly yield the inference that Parati's decision to terminate plaintiff was induced or compelled by Palette.

Accordingly, plaintiff's motion for reconsideration will be denied in an accompanying Order.

## ORDER

For the reasons stated in the accompanying Memorandum, plaintiff Motion for Reconsideration is hereby DENIED.