**INTER OCEAN INSURANCE AGENCY, and ASTON WAYNE HARTY, Appellants**

**v.**

**FRASER & COMPANY, and GEORGE N. FRASER, Appellees**

District Court No. 1993-0259

Territorial Court No. 0241-1991

District Court of the Virgin Islands

Appellate Division of St. Croix

March 15, 1994

MOORE, *CHIEF JUDGE*

## ORDER

THIS MATTER came before the court on Appellees' motion to dismiss the appeal for failure to pay the appeal bond set by the trial

court in the amount of $11,000 on September 15, 1993. Appellants having failed to respond,[1] and the premises considered,

---

[1] In order to address this matter fully the court was required to review the record and file of the trial court. This review revealed that subsequent to the filing of the notice of appeal, on January 26, 1994, counsel for appellant filed in the trial court a Motion to Stay Proceedings giving as his reason his intent to withdraw as counsel. The Territorial Court granted the motion and entered an Order staying proceedings in this matter for 30 days to allow plaintiffs (appellants in this appeal) to retain new counsel. The Territorial Court was without authority to act on the motion to stay proceedings, and the Order of January 28, 1994 issued by the Territorial Court is of no legal effect.

As a general rule, once a notice of appeal has been filed, and a direct appeal is pending, the Territorial, like the District Court, "is divest[ed] . . . of jurisdiction over the case pending disposition of the appeal." Mary Ann Pensiero, Inc. v. Lingle and Lingle et al., 847 F.2d 90, 96 (3d Cir. 1988) (citing Friggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (per curiam). The Pensiero court noted that a number of exceptions to this rule have emerged and that a "district court retains jurisdiction, for example, to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail, and matters of a similar nature." Pensiero, 847 F.2d at 96, citing Venen v. Sweet, 758 F.2d 117, 120 n.2 (3d Cir. 1985).

In this case, after an appeal was taken to the Appellate Division of this court, on December 10, 1993, the Magistrate Judge scheduled a pre-appellate hearing conference for December 29, 1993. On December 29, 1993, subsequent to that hearing the Magistrate Judge issued an Order staying the Order of the transcript of trial below pending settlement negotiations. On January 12, 1994, the Magistrate ordered the Appellant to file the transcript and lifted the stay as to further appellate proceedings.

On January 27, 1994, counsel for Appellant filed in the trial court a motion to stay proceedings and a notice of his withdrawal from the case. This motion was granted by a judge of the Territorial Court on January 28, 1994. (Obviously, Appellants reason for failing to comply with the Magistrate's Order of January 12, 1994, and which, in part, led to the filing of this motion to dismiss the appeal for failure to prosecute.)

In Pensiero, the Third Circuit Court of Appeals explained that the rule, divesting a trial court of jurisdiction over a case while an appeal is pending "is a judge-made, rather than a statutory, creation that is founded on prudential considerations. It is designed to prevent the confusion and inefficiency that would result if both the [trial) court and the court of appeals were adjudicating the same issues simultaneously." Id.

The sound jurisprudential considerations underpinning this rule are apparent in this case. Here, we have counsel for appellant, who is charged with knowing the rules of law, in what can be generously described as a grossly negligent oversight, [or a disingenuous maneuver] filing in the trial court a motion to stay proceedings in the appellate court. The trial judge's Order stay-

IT IS ORDERED:

THAT within ten (10) days from the date of this order Appellants shall show cause why the above-captioned appeal should not be dismissed for failure to prosecute.

DATED this 15th day of March, 1994.

---

ing proceedings in this matter is in direct conflict with the Order of this court that Appellants should proceed to perfect their appeal, by ordering the transcript of the trial.

■ It is clear that the trial court was divested of authority to consider the motion to stay proceedings in this case, and that its mandate staying such proceedings is therefore a nullity.