Sandra L. **GADSDEN**, Appellant

v.

The **JERSEY CITY PUBLIC SCHOOLS.**

Nos. 08–4296, 08–4401, 09–1558, 09–1559.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 28, 2009.

Opinion filed: Dec. 9, 2009.

---

**616**

Sandra L. Gadsden, Jersey City, NJ, pro se.

Before: SMITH, FISHER and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Among other complaints Sandra Gadsden filed in the District Court, she filed two complaints against her former employer, The Jersey City Public Schools. Both cases were assigned to Judge Linares, one docketed as *Sandra I.[sic] Gadsden v. Jersey City Public Schools, The* (D.N.J.Civ. No. 08–03248), and one docketed as *Sandra L. Gadsden v. The Jersey City Public Schools* (D.N.J.Civ. No. 08–03249). The allegations in the complaints themselves are identical (a host of federal and state constitutional and statutory violations relating to her former employer's decision to terminate her employment), but the attachments to the complaints differ slightly. On July 2, 2008, the District Court dismissed both cases.

On July 17, 2008, Gadsden filed a document captioned "Caption § 56.3(2) Disqualification of Judges" in both cases. In it, she seemed to state that the grounds on which Judge Linares closed another of her cases were unfair and she seemed to call for his recusal (although she may have been discussing a different District Court judge). In early September, Gadsden filed a letter noting that she had not received any information concerning the removal of the judges presiding over her cases. Apparently in relation to D.N.J. Civ. No. 08–03248, she stated "1st Discrimination Civil Action No. 08–3248 was opened against the New Jersey Education Association, which gave me the right to open the case under Discrimination with the right to sue. I submitted the right to sue letter from EEOC dated June 19, 2007. Judge Jose L. Linares did not review the cases he went against the law...." Letter filed Sept. 2, 2008, 1.

On October 17, 2008, Gadsden filed a notice of appeal in C.A. No. 08–3248, which she captioned "*Sandra L. Gadsden v. New Jersey Education Association.*" She stated that she sought review of the order "entered on July 17, 2008 and amended on July 30, 2008 for Removal of Judge for Caption § 56.3(2) Bias Recusal, and § 51.2 New Trial." She wrote about Judge Linares closing her charges of discrimination against the "above entity due to separate charges against the New Jersey Education Association (Union)." Among other things, Gadsden argued that she was entitled to file a discrimination suit based on a violation of her constitutional and civil rights. She also discussed her case before another District Court judge, listing how the New Jersey Education Association purportedly wronged her.

On October 17, 2008, Gadsden also filed her first notice of appeal in D.N.J. Civ. No. 08–03249. She stated that she appealed the judgment "entered on July 17, 2008 and amended on July 30, 2008 for Removal of Judge for Caption § 56.3(2) Bias Recusal, and § 51.2 New Trial." In the three page document, she complained of another District Court judge's actions and repeated a summary of her claims against her former employer and union.

While the two appeals were pending, proceedings continued in the District Court. On February 10, 2009, Judge Linares entered an order in D.N.J. Civ. No. 08–03248 and D.N.J. Civ. No. 08–03249 to deny Gadsden's request for him to recuse. The District Court also stated that it would take no action on a request to reopen a case on appeal to the extent that Gadsden was requesting reopening. The District Court also directed Gadsden to file any new requests for reopening with a different District Court judge.

Gadsden then filed a second notice of appeal in each District Court case. Actually, she captioned it "*Sandra L. Gadsden v. The Jersey City Public Schools, Feintuch, Porwich & Feintuch, and New Jersey Education Association,*" and cross-filed in all of the cases before Judge Linares and another District Court judge. She complained of "Errors [that] deprive[d] [her] of due process," namely that the Clerk's Office continued "to type Jersey City Education Association as [her] Job." She noted that the Education Association was her union. She summarized her claims against the Jersey City Education Association and the Jersey City Public Schools. Gadsden also alluded to alleged errors by the Clerk that caused her cases to be closed and resulted in a date-stamp of October instead of July on her notice of appeal. She repeated her claims of bias on the part of the District Court judges, too.

■ Our first question is whether we have jurisdiction over her first set of appeals (the appeals from the dismissal of her complaints). Upon review, we conclude that the answer is no. The time limit of Rule 4(a)(1) of the Federal Rules of Appellate Procedure for commencing an appeal is mandatory and jurisdictional. *See Bowles v. Russell,* 551 U.S. 205, 208–14, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007); *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). A notice of appeal in a civil case in which the United States is not a party is timely if it is filed within 30 days of the entry of the order or judgment being appealed. *See* Fed R.App. P. 4(a)(1). The District Court issued its order dismissing Gadsden's complaints on July 2, 2008. Gadsden filed her first notices of appeal on October 17, 2008, more than 30 days later. Accordingly, we do not

have jurisdiction over her untimely appeals from the dismissals of her District Court cases.[1]

■ We turn now to Gadsden's second set of appeals in this consolidated case. We preliminarily address a jurisdictional issue. To wit, the District Court ruled on the apparent recusal motion while Gadsden's first appeals were pending. Generally, "the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal." *See Venen v. Sweet,* 758 F.2d 117, 120 (3d Cir.1985) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (*per curiam*)). However, the District Court did not lose jurisdiction in this case because Gadsden appealed from an order that could no longer be appealed. *See Venen,* 758 F.2d at 120.

■ Upon review, we will affirm in each case the order denying Gadsden's request for recusal. To the extent that Gadsden was seeking Judge Linares's recusal, recusal was not necessary because a reasonable person, with knowledge of the relevant facts and circumstances, would not doubt the District Court judge's impartiality. *See In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 & n. 12 (3d Cir.2004); *Edelstein v. Wilentz,* 812 F.2d 128, 131 (3d Cir.1987).

In conclusion, for the reasons given above, we will dismiss for lack of jurisdiction Gadsden's consolidated case to the extent that it relates to the appeals from the District Court's orders of July 2, 2008 (C.A. No. 08–4296 and C.A. No. 08–4401). We will affirm the District Court's order of

February 10, 2009 (appealed in C.A. No. 09–1558 and C.A. No. 09–1559).

---

1. Gadsden also seeks to characterize an earlier filing as a notice of appeal and/or to blame personnel in the Clerk's Office for an error in date-stamping her notice of appeal; however, her arguments are not supported by record evidence.