**DLD-055** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-3680 & 11-3964
_____

DONALD FRANCIS MACKAY, JR.,

Appellant

v.

KEENAN  MERCEDES BENZ;
DAIMLER BENZ, MERCEDES BENZ PARENT COMPANY,
STUTGART, GERMANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-05134)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2011

Before: AMBRO, JORDAN and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: December 6, 2011)

_____

OPINION
_____

PER CURIAM

Donald Francis MacKay Jr. challenges the District Court's dismissal of his complaint for lack of subject matter jurisdiction. For the following reasons, we will summarily affirm.

MacKay filed a pro se complaint against Keenan Mercedes Benz ("Keenan") and "Daimler-Benz Stutgart [sic] Germany," identified as Mercedes Benz's parent company. He alleged that Keenan failed to repair a "very rare" 1962 Mercedes Benz that he brought in for servicing. Additionally, he believes that Keenan shipped his car to Daimler-Benz in Germany and that Daimler-Benz is therefore liable for receiving stolen property. The District Court sua sponte dismissed the complaint on the basis that it lacked subject matter jurisdiction because the parties were not diverse. MacKay moved for reconsideration, but the District Court denied his motion. MacKay timely appealed. He thereafter filed a second motion for reconsideration, which the District Court dismissed for lack of jurisdiction in light of MacKay's pending appeal. MacKay appealed that ruling as well, and we consolidated the appeals for resolution.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the jurisdictional question. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

We agree with the District Court that it lacked jurisdiction over MacKay's

2

complaint pursuant to 28 U.S.C. § 1332(a).[1] MacKay represented in his complaint that he is a dual citizen of Canada and the United States who resides in Pennsylvania, and confirmed those facts in his second motion for reconsideration.[2] Accordingly, he is considered a citizen of Pennsylvania for diversity purposes. See Frett-Smith, 511 F.3d at 400 ("We . . . hold that for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized."). As Keenan is also a citizen of Pennsylvania,[3] there is not complete diversity among the parties, as is required to establish diversity jurisdiction. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Our result should not surprise MacKay given our dismissal of his prior case against Keenan on the same basis. Mackay v. Keenan Mercedes Benz, 340 F. App'x 127, 128 (3d Cir. 2009) (noting that "jurisdiction could not be based upon diversity of citizenship between the parties because Mackay and Keenan are both citizens of the Commonwealth of Pennsylvania"). We also agree with the District Court's dismissal of MacKay's second motion for reconsideration. See Venen v. Sweet, 758 F.2d 117, 120-21 & n.2 (3d Cir. 1985).

As MacKay's appeal presents no substantial question, we will summary affirm.

---

[1] As MacKay does not present a federal question, there is clearly no basis for jurisdiction under 28 U.S.C. § 1331.

[2] Indeed, MacKay has used the same Pennsylvania address since 1994 in connection with over 20 appeals filed in this Court.

[3] According to the District Court, Keenan is incorporated in Pennsylvania and has a registered office address in Doylestown, Pennsylvania.

3