CLD-129                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1133
_____

JAY L. THOMAS,
                                        Appellant

v.

NORTHEASTERN UNIVERSITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-11-cv-03905)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2012

Before:  RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 26, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant Jay Thomas, proceeding pro se, appeals an order of the United States

District Court for the District of New Jersey denying his motions to amend his complaint

against Northeastern University and his motions for default judgment. For the reasons that follow, we will affirm the judgment of the District Court.

Thomas filed a complaint against Northeastern University claiming breach of contract and breach of fiduciary duty in connection with his tuition balance. The District Court reviewed Thomas' complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it, concluding that he failed to state a claim for breach of fiduciary duty and that his breach of contract claim did not satisfy the amount in controversy requirement for diversity jurisdiction. We affirmed the judgment of the District Court on appeal. See C.A. No. 11-3225.

While his appeal was pending, Thomas filed in District Court two motions for leave to amend his complaint and two motions for default judgment. The District Court denied the motions, explaining that Thomas' appeal of the order dismissing his complaint had divested the District Court of jurisdiction. The District Court ordered that Thomas cease filing similar motions pending the resolution of his appeal. This appeal followed.

As recognized by the District Court, the filing of Thomas' notice of appeal conferred jurisdiction on this Court and divested the District Court of its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). A lower court may proceed in a case where an appeal is taken from a non-appealable order, but this exception does not apply here because the order dismissing Thomas' original complaint was appealable. See Sweet, 758 F.2d at 121.

2

A lower court also has the power pursuant to Federal Rule of Appellate Procedure 4(a)(4) to decide a timely filed motion for reconsideration, see id. at 122, but Thomas' motions, even if they could be construed as motions for reconsideration, were not timely filed for purposes of Rule 4(a)(4). Finally, the District Court had the power to consider and deny, or certify to this Court its inclination to grant, a timely motion pursuant to Federal Rule of Civil Procedure 60(b). See id. at 123. Thomas, however, did not invoke Rule 60(b) in seeking to file an amended complaint nor is there any indication he could have satisfied Rule 60(b) had his filing been construed as a Rule 60(b) motion.

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court. [1]

---

[1] The District Court treated Thomas' December 7, 2011, filing, styled as a petition for a writ of mandamus, as a motion for default judgment. Thomas was not prejudiced by the District Court's treatment of the filing as a motion for default judgment. Thomas appears to have sought a default judgment on his amended complaint, but, as discussed above, he was not given leave to file that complaint. Thomas filed a mandamus petition in this Court seeking the same relief, which was denied. See C.A. No. 11-4498.