**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3431
_____

TERRELL BROWN,

Appellant

v.

DONNA ZICKEFOOSE, WARDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-03330)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2013

Before:  AMBRO, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: July 19, 2013)
_____

OPINION
_____

PER CURIAM

Terrell Brown, a federal prisoner proceeding pro se, appeals the dismissal of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that

follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the facts and complex procedural history of this case, we will recite them only as necessary to our analysis. Terrell Brown has an extensive criminal history; three of his convictions are presently relevant. In 1993, Brown pleaded guilty in Oklahoma to possession of a dangerous substance—crack cocaine—with intent to distribute, and was sentenced to five years imprisonment. The following year Brown pleaded guilty in Wisconsin to second-degree reckless homicide in violation of Wis. Stat. § 940.06(1). That conviction related to a 1992 incident during which Brown approached a car in front of his home and shot at it multiple times, killing its occupant. While he was on parole for that offense, he was arrested in Chicago, Illinois, for attempting to deliver approximately half of a kilogram of crack cocaine to a dealer from Gary, Indiana. He was charged in the United States District Court for the Northern District of Indiana with attempting to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In light of his Oklahoma and Wisconsin convictions, Brown was sentenced as a career offender to 360 months' imprisonment. The Seventh Circuit affirmed. United States v. Howard, 341 F.3d 620 (7th Cir. 2003).[1] In June 2004, the District Court denied Brown's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Howard v. United States, No. 3:03-cv-651 (N.D. Ind. 2004), and the Seventh Circuit denied his request for a certificate of appealability, Brown v. United States, No. 04-3114 (7th Cir. 2005).

_____

[1] In his initial proceedings in Indiana, Brown used the assumed name of Marcus Howard.

2

In April 2011, Brown filed in the Seventh Circuit an application to file a second or successive § 2255 motion in which he sought to claim that his prior conviction for reckless homicide should not have been considered a crime of violence in light of Begay v. United States, 553 U.S. 137 (2008), and United States v. Woods, 576 F.3d 400 (7th Cir. 2009), and that his sentence as a career offender was therefore in error. The Seventh Circuit denied Brown's application, concluding that Begay does not constitute a new rule of constitutional law. However, the Court dismissed the application "without prejudice to any attempt by Brown to obtain relief under Begay in an action pursuant to 28 U.S.C. § 2241." Brown v. United States, No. 11-1893 (7th Cir. 2011). Brown, who was at that time incarcerated at FCI Fort Dix, thereafter filed an application for a writ of habeas corpus under § 2241 in the District Court for the District of New Jersey. The District Court determined that it lacked jurisdiction to review Brown's application and dismissed it on that basis. Brown v. Zickefoose, No. 11-3330 (D.N.J. 2011). Brown timely appealed.[2]

---

[2] After Brown filed his notice of appeal, he filed in the District Court a "Memorandum in Opposition to Summary Disposition." As the District Court noted, Brown's filing of a notice of appeal immediately divested the Court of jurisdiction. Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). Nevertheless, "recognizing [Brown's] interest[] in a speedy resolution of his challenges, as well as being mindful of the Court of Appeals' interest in processing appellate cases in an expedited fashion," the District Court construed his filing as a motion for reconsideration and expounded on the reasoning behind its prior dismissal of his application. Any error in doing so was harmless.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. United States

v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc) (certificate of appealability not

required to appeal from denial of § 2241 petition), abrogated on other grounds by

Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012). We "may affirm the District Court's

judgment on any basis supported by the record." Murray v. Bledsoe, 650 F.3d 246, 247

(3d Cir. 2011) (per curiam).

III.

The Government presently seeks to enforce the appellate waiver contained in

Brown's guilty plea agreement, under which he agreed "not to contest [his] sentence or

the manner in which it was determined in any post-conviction proceeding, including, but

not limited to, a proceeding under Title 28, United States Code, Section 2255." Amended

Pet'n to Enter a Change of Plea at 4.[3] We will enforce waivers of constitutional and

statutory rights "provided that they are entered into knowingly and voluntarily and their

enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d

231, 237 (3d Cir. 2008).

First, Brown's plea was knowing and voluntary. As the District Court for the

Northern District of Indiana explained, he was informed of the elements of the charges

against him and the penalties he could face, and he indicated that he had not been coerced

---

[3] The Government's motions to file its brief and appendix out of time and to file an
amended brief are granted.

4

into pleading by force or threat.  Howard, No. 3:03-cv-651.  The Seventh Circuit similarly concluded in his direct appeal that Brown "was clearly informed about dire possibilities" and "it is not possible to say that he was blind-sided" by the sentence he received.  Howard, 341 F.3d at 622.

Nor would enforcing the waiver work a miscarriage of justice.  The miscarriage of justice exception applies in only "unusual circumstance[s]" such as where a sentence was "'imposed in excess of the maximum penalty provide[d] by law or . . . based on a constitutionally impermissible factor such as race.'"  United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001) (quoting United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000)).  No such circumstances are present here.  See Mabry, 536 F.3d at 243 (finding no miscarriage of justice where defendant was not misled and challenges to waiver "d[id] not implicate fundamental rights or constitutional principles").

## IV.

We will enforce the waiver and affirm the dismissal of Brown's habeas application on that basis.

5