**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1379
_____

MICHAEL MARRARA; MICHAEL DOTRO, Plaintiffs,
on behalf of themselves and all those similarly situated,
Appellants

v.

PHILIP D. MURPHY; STEPHEN SWEENEY; CRAIG COUGHLIN;
JOHN DOES 1–10; JANE DOES 1–10;
STATE OF NEW JERSEY, In its official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:22-cv-02056)
District Judge: Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on June 15, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: July 7, 2023)

———————
OPINION[*]
———————

PER CURIAM

Pro se appellants Michael Marrara and Michael Dotro appeal from an order of the District Court dismissing their federal claims brought under 42 U.S.C. § 1983, declining to exercise supplemental jurisdiction over their state law claims, and remanding the case to state court. The District Court also denied various motions filed by the appellants and terminated their motion for reconsideration. For the following reasons, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Appellants have been incarcerated at East Jersey State Prison ("EJSP"), for several years, Marrara since July 2018 and Dotro since September 2017. In October 2021, they filed a putative class action complaint in the Superior Court of New Jersey, Law Division, Middlesex County, against the State of New Jersey and several state officials in their official capacities. The defendants thereafter removed the case to the District Court. Appellants then amended their complaint, asserting that New Jersey's COVID-19 legislation violated various federal and state constitutional provisions by excluding certain prisoners from relief. Specifically, the amended complaint alleged that the statute discriminated against Appellants and similarly situated prisoners by awarding Public Health Emergency Credits only to inmates "scheduled to be released within three-hundred and sixty-five days"

———————
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and by excluding inmates serving sentences pursuant to certain enumerated convictions. ECF No. 19 ¶¶ 26-28.  The amended complaint sought as relief an order declaring that all New Jersey inmates who served time during the public health emergencies are entitled to Public Health Emergency Credits.  Appellants also moved for class certification and for appointment of pro bono counsel.

The defendants moved to dismiss the amended complaint on several bases.  In an opinion, the District Court dismissed Appellants' federal claims upon determining that the State of New Jersey and the state officials, whom Appellants sued in their official capacities, are not "persons" within the meaning of 42 U.S.C § 1983 and thus are not subject to liability. Alternatively, the court noted that even if Appellants had sued the officials in their personal capacities, their claims would nonetheless fail because a § 1983 action is not the appropriate remedy for state prisoners seeking to shorten the terms of their confinement.  Having dismissed the federal claims, the District Court declined to exercise supplemental jurisdiction over the state law claims and remanded the case to state court.  The District Court also denied Appellants' motions for class certification and appointment of counsel as moot. Appellants filed a notice of appeal, and subsequently filed a motion to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  The District Court terminated Appellants' Rule 59(e) motion for lack of jurisdiction, and Appellants filed an amended notice of appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291.[1] We exercise plenary review over a district court's order granting a motion to dismiss. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We review for abuse of discretion the District Court's rulings on Appellants' motions for appointment of counsel, see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), and for class certification, see Hagan v. Rogers, 570 F.3d 146, 158 (3d Cir. 2009). We may summarily affirm the District Court's judgment if the appeal presents no substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's dismissal of Appellants' federal claims because they are not cognizable in a § 1983 action. "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Whenever a challenge attacks "the validity of the continued conviction or the fact or length of the sentence," it must be brought by way of a habeas corpus petition. Id. at 542. That is true "however [the challenge is] denominated and regardless of the relief sought." Id.

---

[1] Although the District Court did not dismiss Appellants' claims against unserved John and Jane Doe defendants, it has issued a final decision for purposes of § 1291. See 28 U.S.C. § 1291; United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976) (explaining that unserved parties are not considered parties within the meaning of Federal Rule of Civil Procedure 54(b)). In addition, because the District Court dismissed all of Appellants' federal claims with prejudice, jurisdiction is not lacking based on the remand of their state law claims. See Carr v. Amer. Red Cross, 17 F.3d 671, 678 (3d Cir. 1994) (finding appellate jurisdiction where the District Court effectively dismissed a cross-claim and remanded to state court).

Here, Appellants claim that the enactment of legislation awarding Public Health Emergency Credits, totaling up to eight months of early release time, to some inmates and not others violated their rights to equal protection and due process and violated the Constitution's Double Jeopardy and Ex Post Facto Clauses. Given that they are seeking to be awarded those credits (or an order directing officials to amend the statute to that effect), Appellants are effectively demanding a shorter period of detention. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Contrary to their claims on appeal, Appellants are not challenging any procedures that led to their exclusion from the credits. See id. at 79-80 (noting that prisoners may use § 1983 to obtain declaratory judgment that disciplinary procedures resulting in reduction of good-time credits were invalid). Rather, Appellants challenge the substance of the statute, and thus the success of their claims "would necessarily spell speedier release." Id. at 82. Their claims are accordingly "within the core of habeas corpus in attacking the very duration of their physical confinement itself." See Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973) (concluding that claims seeking the restoration of good-time credits were not cognizable in a § 1983 action). Appellants must therefore bring their federal claims by way of a petition for a writ of habeas corpus. Id. at 500.[2] And the same is

_____

[2] To the extent the District Court erred in sua sponte raising this issue without prior notice, any error in this regard was harmless. It is clear from the complaint that Appellants could not bring their federal claims in a § 1983 action. Further, Appellants had the opportunity to present argument on this issue on appeal, and they did so. Cf. Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008) (declining to remand based on sua sponte dismissal without notice where parties had addressed the issue on appeal). Because we affirm on this ground, we do not consider the District Court's ruling that the defendants cannot be considered "persons" under § 1983.

5

true even though Appellants also appear to seek money damages.  See Wilkinson, 544 U.S. at 82.

In addition, once the District Court correctly determined that Appellants' federal claims sounded in habeas, it did not err in failing to proceed on that basis because Appellants needed to exhaust their state remedies, and it appears that they could have done so by utilizing the State's Inmate Remedy System and appealing the denial of credits administratively and through the state courts.  See Buncie v. Dept. of Corr., 888 A.2d 483, 485 (N.J. App. Div. 2005) (determining challenge to constitutionality of state statute brought by prisoners on appeal from denial of credits from the Department of Corrections).  Although Appellants aver in their amended complaint that they wrote to prison administration about the statute, there is no indication that they lacked an available administrative remedy. Appellants thus could not have obtained federal habeas relief in this proceeding.  See 28 U.S.C. §§ 2254(b)(1), (c).[3]

Because we agree with the District Court's dismissal of the amended complaint, we accordingly conclude that it did not abuse its discretion in denying the motions for class certification and the appointment of counsel.  The District Court likewise did not err in declining to review Appellants' state law claims and remanding them to state court after dismissing the claims over which it had original jurisdiction.  See 28 U.S.C. § 1367(c); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

---

[3] We will affirm the dismissal of Appellants' federal claims without prejudice to their ability to return to federal court after exhausting their administrative remedies.

As for the Appellants' motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), we disagree with the District Court's determination that it lacked jurisdiction to consider the motion during the pendency of the appeal. Although the filing of a notice of appeal typically confers jurisdiction to the Court of Appeals and divests the District Court of its authority, the District Court retains the power to act in limited circumstances, such as when a timely Rule 59(e) motion is filed. See Venen v. Sweet, 758 F.2d 117, 122 (3d Cir. 1985). And Appellants' motion was timely with the benefit of the prison mailbox rule. See Pabon v. Superintendent, SCI-Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). In their motion, Appellants argued only that they should be given another opportunity to amend their complaint to allege liability against the state officials in their personal capacities. Contrary to Appellants' contention, such amendment would be futile in light of our conclusion that their federal claims must be brought in a habeas proceeding, and they were therefore not entitled to reconsideration. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). Any error committed by the District Court in failing to consider Appellants' motion for reconsideration was accordingly harmless.

Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Appellants' motion to withdraw their motion for a stay of state court proceedings is granted. Their motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

7