In re ADMINISTRATIVE WARRANT IS-
SUED TO the FOOD AND DRUG AD-
MINISTRATION on JULY 27, 1978, RE-
GARDING PORTEX, INC., Portex, Inc.,
Appellant.

No. 78–1406.

United States Court of Appeals,
First Circuit.

Submitted Oct. 16, 1978.

Decided Oct. 25, 1978.

Robert B. Nicholson and Andrea Limmer, Attys. Dept. of Justice, Washington, D. C., and Anna R. Tretter, Asst. U. S. Atty., on memorandum in support of motion to dismiss.

Daniel B. Bickford, Douglas F. Seaver, and Gaston, Snow & Ely Bartlett, Boston, Mass., on memorandum in opposition.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

## MEMORANDUM AND ORDER

### PER CURIAM.

Appellant Portex seeks review of a decision of the district court granting its motion to quash an administrative warrant. The district court ruled that the warrant was unconstitutionally general in its description of the items to be searched and that the Food and Drug Administration had statutory authority to seek the warrant. Appellant claims that it is aggrieved by the latter statement because the agency has announced its intention to rely upon the statement as precedent in seeking further warrants and because a different district judge has relied upon the statement as the law of the case when hearing a new motion to quash a new warrant obtained by the F.D.A. to search appellant's premises.

 This court reviews judgments, not statements. *Electrical Fittings Co. v. Thomas Co.*, 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1972). The appeal in the above-captioned case is dismissed as not presenting a live case or controversy. Appellant received all the relief it requested in the district court and can never be aggrieved by the warrant in issue. See *W. W. Windle Co. v. C. I. R.*, 550 F.2d 43 (1st Cir. 1976). If and when the agency relies upon the challenged statement as *stare decisis*, appellant will be able to challenge the agency's ability to distinguish between dictum and holding. Insofar as another lower court may have treated a separate warrant proceeding as coterminous with the proceeding appealed from, appellant will have an opportunity to challenge such treatment in

No. 78–1431, the government's appeal from its second unsuccessful attempt to execute a warrant at appellant's premises. Although we express no opinion on the propriety of treating the two warrant applications as the same proceeding and thereby invoking law of the case doctrine, we note that appellant's statutory argument is preserved regardless of the resolution of that issue. If the two applications were one proceeding, the statutory argument is available to appellant as an alternative ground to affirm its ultimate victory in the district court. See *Jamesbury Corp. v. Worcester Valve Co.*, 443 F.2d 205, 208 n.3 (1st Cir. 1971). If the two applications were separate proceedings, collateral estoppel doctrine would not preclude appellant from raising an issue not essential to the judgment in the first application as an alternative ground to affirm the district court's decision on the second application. *W. W. Windle Co. v. C. I. R., supra*, 550 F.2d at 46.

The appeal is dismissed for lack of jurisdiction.