644 F.2d 990
 TOWNSHIP OF BENSALEM
v.
AMERICAN FIDELITY FIRE INSURANCE CO.
v.
CENTRAL PENN NATIONAL BANK
v.
ALTEN, Eugene J., Defendant.
American Fidelity Fire Insurance Company, Appellant.
 No. 80-2413.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 25, 1981.
Decided March 30, 1981.
 
 Bruce L. Phillips (argued), Michael A. Wolf, Venzie, Phillips & Warshawer, Philadelphia, Pa., for appellant American Fidelity Fire Ins. Co.
 Thomas J. Ziomek and Andrea L. Bowman (argued), White & Williams, Philadelphia, Pa., for appellee Central Penn Nat. Bank.
 Before ADAMS, ROSENN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 In this appeal, American Fidelity Fire Insurance Company ("American Fidelity" or "Surety") seeks review of an order of the district court denying American Fidelity's motion for leave to amend its counterclaim. We conclude that we do not have jurisdiction to review such an order and the appeal will therefore be dismissed.
 
 I.
 
 2
 This action was originally commenced by the Township of Bensalem ("Township") against American Fidelity as surety for E. J. Alten Bensalem Condominium Developers ("Developer") to recover on a surety bond.[1] As a condition for the Township's permission to build a condominium complex, the Developer agreed to build a road providing access to the complex. To provide security for that obligation in accord with state law, Pa.Stat.Ann. tit. 53, § 10509 (Purdon 1980), the Developer obtained an improvement bond from American Fidelity providing that, in the event the Developer failed to build the road, American Fidelity would pay the Township the cost of constructing it, approximately $81,000. The Developer experienced financial difficulties and its mortgagee, Central Penn National Bank ("Central Penn"), undertook to foreclose on the project. The Developer sought protection under Chapter XII of the Bankruptcy Act but was unable to accomplish a reorganization. Central Penn thereupon foreclosed on the property.
 
 
 3
 When the Developer defaulted in building the road, the Township instituted suit on the surety bond. American Fidelity counterclaimed, naming Central Penn as an additional defendant on the counterclaim, asking for a declaration that American Fidelity was liable to neither the Township nor Central Penn on the bond. It also filed a third-party action against Eugene J. Alten, a general partner in the Developer, claiming a right to indemnity pursuant to an agreement executed contemporaneously with the bond. The Township then moved for summary judgment against the Surety. American Fidelity, in turn, moved for summary judgment against Alten. While these motions were pending, American Fidelity moved for leave to amend its counterclaim.
 
 
 4
 American Fidelity's proposed amended counterclaim added to its original requests for declaratory relief several counts containing claims for affirmative relief from Central Penn. American Fidelity alleged that the Developer's financial difficulties, and thus any liability of its surety, were occasioned by the wrongful conduct of Central Penn as mortgagee. Claiming to be a subrogee of the Township,[2] American Fidelity urged that Central Penn was under a statutory obligation,[3] as successor in interest to the Developer,[4] to construct the improvements secured by the surety bond. Under this theory, American Fidelity urged that the Township should proceed against Central Penn rather than American Fidelity, or that the court should require Central Penn to indemnify American Fidelity for the amounts paid over to the Township pursuant to the bond provisions. American Fidelity also urged that Central Penn would be unjustly enriched by requiring American Fidelity to bear the entire cost of the improvements and that, at a minimum, those costs should be equitably distributed between the Surety and the Bank.
 
 
 5
 On July 23, 1980, the district court entered an order granting the Township's motion for summary judgment against American Fidelity, granting American Fidelity's motion for summary judgment against Alten, and denying American Fidelity's motion for leave to amend its counterclaim. In support of the latter action, Judge Green in an accompanying memorandum opinion noted that "(a)n amendment may be denied ... for reasons of undue delay, bad faith, dilatory motive on the part of the movant, prejudice to the opposing party or futility of amendment." In evaluating the case before him, the judge found that American Fidelity sought the amendment, which pleaded no new facts, almost eighteen months after instituting the action and nearly four years after the occurrence of the events at issue. Further, the Surety had offered no justification for the delay. Judge Green concluded that the motion to amend was a "dilatory maneuver" and therefore refused to allow it.
 
 
 6
 The court also considered the merits of the proposed amendment and, finding the amendment to be legally insufficient, refused to allow it on grounds of "futility" as well as delay. The court essentially held that American Fidelity could make no recovery against Central Penn in the absence of a legal duty owing from the Bank to the Surety. The existence of such a duty, the court found, was not alleged in the proposed amendment nor could the court find one in its review of the parties' circumstances. Those claims against Central Penn arising out of alleged misconduct in its role as mortgagee for the Developer, the court held, were barred because they should have been raised in the foreclosure proceedings. Finally, the district court held that to absolve American Fidelity of liability and impose liability on Central Penn would unjustly enrich American Fidelity and thus allow it to keep its premiums without ever having placed anything at risk.
 
 
 7
 American Fidelity filed a "Motion for Reconsideration" on August 5, 1980, asking Judge Green to reform his memorandum opinion by deleting his references to the legal insufficiency of the proposed amendment. While that motion was pending in the district court, American Fidelity filed its notice of appeal from Judge Green's order of July 23.[5] On September 25, 1980, the district court denied the Surety's motion for reconsideration as untimely and without substantive merit.
 
 
 8
 This appeal was brought out of concern that principles of res judicata would preclude any future legal action by American Fidelity against Central Penn on the causes of action contained in the proposed amendment because Judge Green appears to have ruled on the merits of those contentions. The Surety argues that because the denial of the motion to amend may be sustained solely on the ground of "dilatory motive," which American Fidelity is willing to concede for purposes of this appeal, Judge Green should not have reached the merits and this court should direct a reformation of his opinion to delete references to the merits of the legal theories advanced in the proposed amendment.
 
 II.
 
 9
 In the closing paragraph to his opinion of July 23, Judge Green wrote:
 
 
 10
 For all the foregoing reasons, I will deny leave to file the proposed counterclaim. I will not rule on the merits of the original counterclaim because there is presently no motion before the Court in this regard. It would appear, however, that the resolution of the motion for summary judgment in favor of the Township and against American Fidelity on the bond claim also resolves the issues raised by American Fidelity in its counterclaim against Central Penn for a declaratory judgment that the surety is not liable to Central Penn on the bond. To facilitate a prompt resolution of this remaining issue, I will schedule a conference with counsel.
 
 
 11
 Notwithstanding this explicit reservation of decision on matters raised by the original counterclaim, both parties have argued to this court that the district court's order of July 23 fully and finally adjudicated all claims raised by American Fidelity's counterclaim. These arguments rest on the assertion that this court's jurisdictional statute should be given a " 'practical rather than a technical construction.' " Plymouth Mutual Life Insurance Co. v. Illinois Mid-Continent Life Insurance Co., 378 F.2d 389, 391 (3d Cir. 1967) (quoting Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964)). See also Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).
 
 
 12
 We are not averse to giving 28 U.S.C. § 1291 (1976) a practical construction when warranted, nor do we wish to hinder the administration of justice or increase the already burdensome cost of litigation for these or other parties. However, we are keenly aware that our appellate jurisdiction is strictly a matter of statute and that Congress' determination that we generally should hear only appeals from final orders is conclusive. Wallace Products, Inc. v. Falco Products, Inc., 242 F.2d 958, 959 (3d Cir. 1957).
 
 
 13
 At oral argument in this court, counsel for both parties were asked the likely result if we were to dismiss this appeal because the original counterclaim had not been finally determined. Both expressed their belief that the trial court would enter a judgment on the original counterclaim adverse to American Fidelity; it would then appeal and raise the precise substantive issues that are presently before us. If that assumption is correct, the risk of promoting piecemeal review is nonexistent because our insistence on a final order will not affect the substantive posture of the case. On the other hand, the harm that is often inherent in delay plays no part in this appeal. American Fidelity readily acknowledges that this appeal was prompted solely by a fear that future legal action against Central Penn would be barred by Judge Green's decision. Yet, the Surety concedes that it has not decided whether such legal action will be pursued or not. No rights are in jeopardy of being irretrievably lost if we do not decide the merits of this appeal at the present time.
 
 
 14
 Against the background of the policy considerations not compelling in the circumstances of this case stands the district court's treatment of its own order. Although the boundaries of section 1291 jurisdiction do not depend on the trial court's belief that a particular decision is or is not "final," see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956), we should not be quick to review, under a flexible reading of our jurisdictional grant, an issue which the trial court considers to be unfinished business.
 
 
 15
 As pointed out above, the district court expressly declined to rule on the merits of the original counterclaim in its opinion and order of July 23. Judge Green declared his intention to schedule a conference with counsel "(t)o facilitate a prompt resolution of this remaining issue." Unfortunately, neither party deemed the results of this conference worthy of mention in their briefs to this court. However, it appears from a memorandum filed in the district court in support of American Fidelity's motion for reconsideration of the July 23 decision that the conference proposed by Judge Green was indeed held. In that memorandum, American Fidelity urged upon the district court a position totally at variance with the argument it now advances on appeal. It argued that the district court's order was not final, stating that the court had "indicated to counsel for American Fidelity at the ... conference ... that it was not the Court's intention to adjudicate American Fidelity's rights and/or claims against Central Penn.... Obviously, no judgment (or final order or decree) was entered as between American Fidelity and the bank." (Emphasis in original). In this court, neither party has contended that the district court purported to issue an order disposing of the original counterclaim. We conclude that we do not have a final order for review before us and are therefore without jurisdiction to hear this appeal.[6]
 
 
 16
 The appeal will be dismissed for want of an appealable order.[7]
 
 
 
 [1]
 The Township filed its complaint in the Court of Common Pleas of Bucks County, Pennsylvania. It was removed on American Fidelity's petition pursuant to 28 U.S.C. § 1441 (1976) on grounds of diversity of citizenship
 
 
 [2]
 For purposes of this Count, American Fidelity assumed that it would be found liable to the Township for the face amount of the bond although, as noted earlier, the Township's motion for summary judgment was pending when the motion for leave to amend was filed
 
 
 [3]
 American Fidelity asserts that this obligation arises under Pa.Stat.Ann. tit. 53, § 10507 (Purdon 1972), as construed in Commonwealth ex rel. Pa. Sec. Comm'n v. Reliance Dev. Corp., 258 Pa.Super. 276, 392 A.2d 792 (1978)
 
 
 [4]
 Central Penn took possession of the property after the foreclosure proceedings and announced its intention to go forward with the condominium development as proposed by the Developer. Subsequent to the Township's approval of the Developer's plan, however, the Township had "down-zoned" the project area so that the previous plan, when submitted by Central Penn, failed to satisfy the maximum density restrictions of the applicable zoning ordinance. The dispute arising out of these events is currently in litigation in the state courts and we note that success on the part of Central Penn in that litigation was an expressed assumption in American Fidelity's proposed pleading
 
 
 [5]
 Neither the Township nor Alten is a party to this appeal. During the pendency of this appeal, American Fidelity fully discharged its liability on the bond and the Township's judgment has been marked satisfied
 
 
 [6]
 We again take this opportunity to remind the members of the bar that appellate jurisdiction is something with which neither we nor the parties to an appeal can endow the court. Its scope is constitutionally committed to the discretion of Congress and, out of respect for that balance, we do not regard the convenience of the parties as a justification for blurring unnecessarily the lines Congress has drawn
 
 
 [7]
 Central Penn has moved to dismiss this appeal on a different theory. Noting that the judgment of the district court is fully supported by its finding of dilatory motive, which American Fidelity does not challenge on this appeal, the Bank argues that American Fidelity seeks review only of language in the district court's opinion, not the judgment it announces. Relying on In re Administrative Warrant, 585 F.2d 1152, 1153 (1st Cir. 1978), Central Penn claims that this court "reviews judgments, not statements." See also Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); A.T. & T. v. FCC, 602 F.2d 401, 407 (D.C.Cir.1979). Whether a party may appeal from only one of several alternative bases for decision and still present a case or controversy is a constitutional issue. Hall v. U. S. Fiber & Plastics Corp., 476 F.2d 418, 420 (3d Cir. 1973). Because we have dismissed the appeal on statutory grounds, however, we need not rule on Central Penn's motion