**Morris Allen APPLEBAUM, Administrator of the Estate of David Marc Applebaum, and all others similarly situated, Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

Civ. A. No. 84–0686.

United States District Court,
M.D. Pennsylvania.

March 24, 1986.

Richard C. Angino, Neil J. Rovner, Angino & Rovner, P.C., Harrisburg, Pa., for plaintiff.

Robert E. Kelly, Jr., Dwight Reginald Whitt, Duane, Morris & Heckscher, Harris-

---

burg, Pa., Reginald Whitt, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

Several motions to intervene as plaintiffs have been filed in this action pursuant to our previous memorandum and order. *Applebaum v. State Farm Mutual Automobile Insurance Co.,* 626 F.Supp. 1299 (M.D. Pa.1986). In that memorandum, we dismissed the individual claim of Morris Allen Applebaum who was also purporting to represent a class of all others similarly situated but, relying upon *Haas v. Pittsburgh National Bank,* 526 F.2d 1083 (3d Cir.1975), we permitted the filing of intervention motions to see if another person could take the place of Applebaum and continue on with this class action. No class has been certified yet. After the filing of the motions to intervene, Applebaum also took a timely appeal of our order dismissing his individual claim. State Farm opposes intervention. Also before the court is plaintiff's motion for class certification.

### II. *Discussion.*

Defendant makes two arguments which it contends bars us from considering this case any further on the merits. First, State Farm argues that plaintiff's notice of appeal has divested this court of jurisdiction. Second, it contends that once Applebaum's claim was dismissed, there was no longer any case or controversy into which intervention could occur. Disposition of these defenses depends upon the proper interpretation of our previous order.

Defendant correctly cites *Venen v. Sweet,* 758 F.2d 117 (3d Cir.1985) for the proposition that *"[a]s a general rule,* the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Id.* at 120 (brackets added) (emphasis added). The court in *Venen,* however, also noted a well established exception to that rule: "One exception, in both civil and criminal cases is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable.... An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity.' " *Id.* at 121 (quoting *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d 275, 277 n. 7 (3d Cir.1962) ).

One statutory prerequisite of an appealable order, see 28 U.S.C. § 1291, is that it be "final," *see Gavlik Construction Co. v. H.F. Campbell Co.,* 526 F.2d 777 (3d Cir.1975), and to be final the order: (1) cannot be a provisional disposition of the issue; (2) must not merely be a step toward final disposition of the merits; and (3) the rights asserted must be threatened with irretrievable loss if review is postponed. *United States v. Mellon Bank, N.A.,* 545 F.2d 869 (3d Cir.1976). Based upon that criteria it is clear that our order of January 31, 1986 was not final and appealable.

First, in connection with Applebaum's claim, only the first criterion has been fulfilled. The order was not provisional as to him. It dismissed his claim. But the remaining two criteria have not been satisfied. The order clearly contemplated that further proceedings would take place at the district court level: disposition of the motions to intervene and for class certification. Thus, the order was merely a step toward a final disposition on the merits. Finally, neither the rights of the purported class nor of Applebaum would be threatened with irretrievable loss if review of the order is postponed until a final order is entered. These contract claims for work loss insurance benefits due decedents' estates would not be lost if appellate review was delayed.

"When, as here, the district court anticipates that further proceedings on substantive matters may be required, any order it makes to facilitate those further proceed-

ings is necessarily not final." *Broussard v. Lippman,* 643 F.2d 1131, 1133 (5th Cir.), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981), and an order is not final when it does not terminate the litigation between the parties and does not leave only enforcement by execution of what has been determined. *See Richerson v. Jones,* 551 F.2d 918 (3d Cir.1977).

We acknowledge that the court of appeals has interpreted the finality of an order from a practical rather than a technical standpoint. *See Township of Bensalem v. American Fidelity Fire Insurance Co.,* 644 F.2d 990 (3d Cir.1981) (per curiam). And it could be said that, for all practical purposes, dismissal of Applebaum's claim, as discussed in greater detail below, terminated the action. Yet, one consideration in considering the finality of an order is whether the trial court considers an issue "to be unfinished business." *Id.* at 994. *See also Peterson v. Lindner,* 765 F.2d 698 (7th Cir.1985) ("The intention of the judge rendering the decision at issue is a factor in determining finality."). We certainly considered the pending motions to intervene as unfinished business.

Our conclusion that our order of January 31 was not a final one furthers the policy behind prohibiting appeals from non-final orders—avoidance of piecemeal review. *See Township of Bensalem, supra.* Otherwise, if an appeal is taken from our order dealing with the current motions, there would be appeals from two different orders pending in the court of appeals. This is a situation generally to be avoided. Hence, we conclude that our order of January 31, 1986 was a non-appealable, interlocutory one and Applebaum's appeal from that order did not divest us of jurisdiction in this action.[1] We turn now to the merits of the motion to intervene.

■ Defendant contends that the motions should be denied because, with the dismissal of Applebaum's claim, there is no

longer any case into which intervention is possible. State Farm distinguishes the *Haas* case upon which we relied to entertain motions to intervene by noting that in *Haas,* unlike here, the class had been certified before the district court had concluded there that the nominal plaintiff did not have standing after all against one of three defendant banks. Defendant contends that when no class certification has taken place, the dismissal of the only viable claim in the action ends the litigation and precludes intervention by other parties. It cites, among other cases, *McClune v. Shamah,* 593 F.2d 482 (3d Cir.1979). We agree with defendant.

In *Nagle v. Commercial Credit Business Loans, Inc.,* 102 F.R.D. 27 (E.D.Pa. 1983), the court decided that the original plaintiffs, stockholders and bondholders of a bankrupt corporation, could not maintain a derivative action on behalf of the corporation. In denying the corporation's trustee in bankruptcy leave to intervene, the court stated it:

does not find that this case presents the proper circumstances for intervention, under either Fed.R.Civ.P. 24(a) or (b). The criteria necessary to intervene under either Fed.R.Civ.P. 24(a) or (b) have not been met in this case. Under either procedure there can be no intervention, because after the dismissal, there is now no entity remaining with which to intervene. There is an additional reason to bar intervention of right: under Fed.R.Civ.P. 24(a)(2), since the proposed intervenor is not presently a party to this litigation, the disposition of this original litigation will not "impair or impede his [the trustee's] ability to protect" his interest because he is not bound by the principle of res judicata under these circumstances. This is a requirement for intervention of right under rule 24(a)(2). Additionally, the trustee cannot utilize permissive intervention, because the trustee seeks to intervene in order to cure the jurisdic-

---

1. We do not address whether the notice of appeal is void. Generally, that would be the result. *See Venen, supra.* The court of appeals has recognized, however, that an appeal from a

non-final order which is followed by a final order may be regarded as an appeal from the final order in the absence of prejudice to the other party. *Richerson, supra.*

tional and other defects of the plaintiff's complaint. *Manufacturing jurisdiction is not a proper place for permissive intervention. See McClune v. Shamah,* 593 F.2d 482, 486 (3d Cir.1979); *Fuller v. Volk,* 351 F.2d 323, 328 (3d Cir.1965); and Fed.R.Civ.P. 24(b). Therefore, the court will deny the trustee's motion to intervene.

*Id.* at 30–31 (emphasis added).

These principles apply to the case at bar and dictate that we should dismiss this action because we no longer have jurisdiction in the constitutional sense. *See International Video Corp. v. Ampex Corp.,* 484 F.2d 634 (9th Cir.1973). A case or controversy no longer exists.

Intervenors complain that certain motions to intervene and the motion to certify a class had been filed prior to defendant's motion for summary judgment. They argue it would be unfair and contrary to law to permit the summary judgment against Applebaum to bar them from pursuing their claims in the instant action. They contend that "many of the general rules on intervention cannot be applied in a rote fashion to class actions." (Plaintiffs' reply brief to defendant's memorandum in opposition to petitioner's motion to intervene at 5). But as stated by the court in *Turner v. First Wisconsin Mortgage Trust,* 454 F.Supp. 899, 913 (E.D.Wis.1978):

> A plaintiff without a claim cannot be allowed to bring suit by making a class action allegation. *Mintz v. Mathers Fund,* 463 F.2d 495 (7th Cir.1972). Similarly, a third party cannot intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure in a class action suit to save a claim as to which the original plaintiff never had a claim "for the intervenors cannot possibly have a claim or defense in common with a plaintiff who never had a claim." *Washington v. Wyman,* 54 F.R.D. 266, 272 (S.D.N.Y.1971).

Intervenors' complaint concerning the timing of the disposition of the motions in this case misses the point. Even had we considered Applebaum's motion for class certification and their own motions to inter-

vene before defendant's motion for summary judgment, we would still have necessarily had to consider Applebaum's standing to bring suit before certifying a class or granting intervention. "[A] nominal plaintiff may not maintain an action on behalf of a class against a specific defendant if the plaintiff is unable to assert an individual cause of action against that defendant." *Haas,* 526 F.2d at 1096 n. 18 (citing *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727 (3d Cir.1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971)).

We will issue an appropriate order.

