

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# In Re Isolagen Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re Isolagen Inc " (2008). *2008 Decisions.* Paper 1153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2445

———————

IN RE: ISOLAGEN INC. SECURITIES & DERIVATIVE LITIGATION
(MDL No. 1741)

RICHARD KEENE, derivatively and on behalf of Isolagen, Inc.,
Appellant

v.

FRANK M. DELAPE; ROBERT J. BITTERMAN; MICHAEL MACALUSO;
JEFFREY W. TOMZ; OLGA MARKO; WILLIAM K. BOSS, JR.;
MICHAEL AVIGNON; STEVEN MORRELL; HENRY Y.L. TOH;
RALPH DE MARTINO; MARSHALL G. WEBB and ISOLAGEN, INC.
(D.C. Civil No. 06-cv-01302)

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
District Judge:  The Honorable Ronald L. Buckwalter

———————

Submitted Under Third Circuit LAR 34.1(a)
May 5, 2008

———————

Before: SCIRICA, Chief Judge, BARRY and HARDIMAN, <u>Circuit Judges</u>

(Opinion Filed:  May 22, 2008)

———————

OPINION

———————

BARRY, <u>Circuit Judge</u>

Richard Keene ("Keene"), suing derivatively on behalf of Isolagen, Inc. (the "Company"), appeals the District Court's order dismissing his complaint. We conclude that the District Court's order is not a final order within the meaning of 28 U.S.C. § 1291, and will dismiss the appeal for lack of jurisdiction.

I.

The amended shareholders' derivative complaint alleges, among other things, that defendants, all former and current officers and directors of the Company, misrepresented the Company's progress toward gaining regulatory approval of its lead product candidate, the Isolagen Process, and that certain of the defendants profited by trading the Company's stock at prices they knew were artificially high.

In the District Court, defendants moved to dismiss the complaint on three alternative grounds: (1) the complaint did not establish demand futility; (2) the complaint did not allege facts sufficient to establish that any of the defendants breached any fiduciary duties owed to the Company; and/or (3) the complaint was prematurely filed because the outcome of this suit is contingent upon success by plaintiffs in the related securities class action also pending before the District Court. The District Court granted the motion in an order entered April 11, 2007, agreeing with defendants that the case was not ripe for judicial review. In this regard, the Court concluded:

> The majority of the damages the Plaintiff is claiming are contingent
> upon the outcome of the related securities class action which is still pending

before this Court. The damages the Plaintiff is claiming are clearly contingent on the related securities class action lawsuit because the Plaintiff states as much in his Response to the Defendants' Motion to Dismiss. Therefore, the damages claimed are premature and the Complaint is dismissed *without prejudice*.

(App. at 10) (citations omitted) (emphasis added.) The Court further stated that "should this claim ripen, the Court expects that Defendants will renew arguments 1 and 2 for dismissal at which time the Court will determine the merits of those arguments." (Id. at 8.) This appeal followed.

## II.

Defendants do not challenge Keene's assertion that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, but, because we are a court of limited jurisdiction, we are obliged to raise the issue *sua sponte*. *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007). Therefore, we will only reach the merits of the appeal if we can first satisfy ourselves that the District Court's "without prejudice" dismissal of Keene's complaint qualifies as a "final decision" under § 1291.

"The general rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). The quintessential "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (quotation and citation

3

omitted).  For this reason, a dismissal order that "specifically contemplate[s] that there could be subsequent proceedings in which the litigation over the controversy would resume" is not considered a final order for purposes of appeal.  *Morton Int'l Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 482 (3d Cir. 2006); *see also Twp. of Bensalem v. Am. Fidelity Ins. Co.*, 644 F.2d 990, 994 (3d Cir. 1981) (stating that "we should not be quick to review . . . an issue which the trial court considers to be unfinished business").

It is glaringly obvious that the District Court's order is not a final decision pursuant to § 1291 because it expressly "contemplates that there could be subsequent proceedings", *Morton*, 460 F.3d at 482, following resolution of the related securities class action pending before it.  Indeed, rather than ending litigation once and for all, the Court's without prejudice dismissal effectively stayed further action in this case pending resolution of another case.  Proceeding with appellate review under these circumstances would be inconsistent "with the goal of the final judgment rule – to prevent piecemeal litigation."  *Frederico*, 507 F.3d at 1922.  We thus lack appellate jurisdiction under § 1291, and will dismiss Keene's appeal for lack of jurisdiction.