**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3521
_____

TODD HYUNG-RAE TARSELLI,

Appellant

v.

SUPERINTENDENT GREENE SCI;
ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Civil Action No. 4-13-cv-00939)
District Judge:  Honorable Matthew W. Brann

_____

Argued on May 23, 2017

Before:  HARDIMAN, ROTH and FISHER, Circuit Judges

(Opinion filed:  March 23, 2018)

Frederick W. Ulrich          [ARGUED]
James V. Wade
Federal Public Defender's Office
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
          Counsel for Appellant

James L. McMonagle, Jr.    [ARGUED]
Stefanie J. Salavantis
Luzerne County District Attorney's Office
200 North River Street
Wilkes-Barre, PA 18711

                    Counsel for Appellee

_____

OPINION[*]

_____

ROTH, Circuit Judge:

Todd Hyung-Rae Tarselli appeals the District Court's order dismissing, rather than

staying, his petition for habeas relief following the Supreme Court's decisions in *Miller v.*

*Alabama* and *Montgomery v. Louisiana*. For the reasons set forth below, we will reverse

the dismissal of Tarselli's petition, as the District Court's decision was premised on a

misinterpretation of Supreme Court jurisprudence.

**I.**

Tarselli pled guilty to first degree murder, robbery, and possession of a prohibited

weapon, committed on November 5, 1992. He was sentenced to life in prison without the

possibility of parole. On June 25, 2012, the Supreme Court decided *Miller v. Alabama*,

which held that life sentences without the possibility of parole could not constitutionally

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

be imposed on individuals who committed crimes before the age of 18.[1]  On July 30,

2012, Tarselli filed a *pro se* petition for relief under Pennsylvania's Post-Conviction

Relief Act, claiming that he was a minor at the time of his offense.  While that petition

was being litigated in state court, Tarselli filed a *pro se* federal habeas petition on April

15, 2013, in which he also raised an argument for resentencing under *Miller*.  This federal

petition was stayed pending resolution of the state proceedings.[2]  Tarselli's state PCRA

petition was subsequently dismissed on two grounds:  first, that his petition was facially

untimely,[3] and second, that the *Miller* rule was not retroactive.[4]  On January 27, 2016, the

Supreme Court ruled that *Miller* had retroactive effect.[5]  Accordingly, Tarselli filed a

second PCRA petition in state court on February 16, 2016.  On January 25, 2018, that

petition was found by the state court to have been timely as to the claim for resentencing

under *Miller*.  The PCRA proceeding on that ground will proceed to determine whether

Tarselli was 18 at the time of the homicide.[6]

---

[1] 567 U.S. 460 (2012).

[2] Initially, Tarselli's petition was stayed at his request.  It was subsequently reopened, but then administratively stayed along with all other habeas petitions under *Miller* pending resolution of the question of retroactivity.

[3] *See Commonwealth v. Tarselli*, No. 1339 MDA 2013, 2014 WL 10937516, at *3 (Pa. Super. Ct. May 14, 2014).  Notably, the state court did not address how subsequent Supreme Court rulings would affect the one-year statute of limitations for purposes of state post-conviction relief.  It appears, however, that Tarselli's current PCRA petition is timely, as it was filed "within 60 days of the date the claim could have been presented." 42 Pa. Cons. Stat. § 9545(b)(2).

[4] *Tarselli*, 2014 WL 10937516, at *4.

[5] *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016).

[6] Tarselli was born in Korea and adopted from a Korean orphanage by an American couple in 1980.  According to his Korean and American birth certificates, which Tarsellli presented to the court in the PCRA proceeding, his birth date is listed as November 14, 1973.  However, in Korea, a child may be considered to be one year old on the day of his

3

On May 24, 2016, in the federal habeas proceeding, the magistrate judge assigned to the matter lifted the stay on Tarselli's petition. Noting that the question of whether Tarselli was eligible for relief under *Miller* was being litigated in the state proceeding, the magistrate judge held that Tarselli had not adequately exhausted his claims before filing his federal petition. In determining whether to dismiss or stay the federal petition, the magistrate judge found that "Tarselli's prompt litigation of his post-conviction claims based upon *Miller* and *Montgomery* in state and federal court has tolled the statute of limitations and essentially eliminated any concerns that good cause exists to stay this petition in lieu of dismissal."[7] The magistrate judge also found that it could not determine whether Tarselli's claim was potentially meritorious until resolution of the state proceedings. Over Tarselli's objection, the District Court adopted the magistrate judge's report and recommendation and dismissed the petition without prejudice to refile after conclusion of the state court proceedings.

Tarselli now appeals only the District Court's decision to dismiss, rather than stay, the instant petition.

## II.

The District Court exercised jurisdiction over Tarselli's federal habeas petition pursuant to 28 U.S.C. § 2254(a). Before reaching the merits of Tarselli's appeal, we must be satisfied of our own appellate jurisdiction. 28 U.S.C. §§ 1291 and 2253(a) serve as the bases for appellate jurisdiction over habeas petitions, and both require a "final" order

---

birth. Tarselli claims that in view of the uncertainty about his exact age, he may have been less than 18 years old at the time he committed the homicide.
[7] JA 117-18.

below.  While it is true that "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint,"[8] we may exercise our appellate jurisdiction "where a claim dismissed without prejudice cannot be re-filed, such as a claim for which the statute of limitations has run."[9]  AEDPA imposes a one-year statute of limitations on petitions.[10]  Thus, Tarselli had one year from the Supreme Court's decision in *Miller* to bring his federal claim; absent some form of tolling, the statute of limitations has run, and the dismissal was a final order. Accordingly, we must first determine whether Tarselli is entitled to either statutory tolling or equitable tolling.

### A.

AEDPA provides for statutory tolling of the one-year limitations period for all "time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending[.]"[11]  Thus, when a petition for state post-conviction relief is not "properly filed," a petitioner is not entitled to federal tolling.  The Supreme Court has expressly held that when "the state court reject[s] petitioner's PCRA petition as untimely, it [is] not 'properly filed,' and he is not entitled to statutory tolling . . . ."[12]

Here, the Pennsylvania Superior Court found Tarselli's first state petition untimely, as it was filed more than one year after his conviction became final.[13]

---

[8] *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002).
[9] *Doe v. Hesketh*, 828 F.3d 159, 164 (3d Cir. 2016) (citation omitted).
[10] *See* 28 U.S.C. § 2244(d)(1)(C).
[11] 28 U.S.C. § 2244(d)(2) (emphasis added).
[12] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).
[13] *Tarselli*, 2014 WL 10937516, at *3.

Accordingly, under clear Supreme Court precedent, Tarselli did not "properly file" a petition for state post-conviction relief, and is not eligible for statutory tolling under AEDPA.

**B.**

To demonstrate an entitlement to equitable tolling, a habeas petitioner must demonstrate that "some extraordinary circumstance stood in [their] way and prevented timely filing."[14]  This requires "a case-by-case analysis" that depends heavily on the circumstances surrounding an actual petition.[15]  Because this is "fact-specific and depends on the circumstances faced by the particular petitioner[,]"[16] we cannot, at this juncture, say that the circumstances surrounding a hypothetical future petition that Tarselli may file are sufficiently "extraordinary" to warrant equitable tolling.[17]

Even if we were inclined to make such a decision about a hypothetical petition, however, we are not convinced that Tarselli is entitled to equitable tolling under the circumstances.  Our Court has found that a district court's errors satisfy the "extraordinary circumstances" requirement for equitable tolling in only three cases, none of which exactly support tolling here.

---

[14] *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013) (internal quotation marks, citation, and emphasis omitted).  A petitioner must also demonstrate that "he has been pursuing his rights diligently[.]" *Id.* at 798 (citations omitted).  The District Court found—and the parties appear to agree—that Tarselli has done so here.
[15] *Pabon*, 654 F.3d at 400 n.22.
[16] *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012).
[17] *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013) (internal quotation marks, citation, and emphasis omitted).

6

In *Urcinoli v. Cathel*,[18] a petitioner timely filed a federal habeas petition containing both properly exhausted and unexhausted claims. The district court dismissed the petition in its entirety, reasoning that it lacked jurisdiction over any petition containing unexhausted claims. After properly exhausting the claims in state court, the petitioner refiled a federal petition, which the district court dismissed as untimely. We found that equitable tolling was required because the district court's dismissal of the timely, properly exhausted claims in the first petition effectively barred a petitioner who satisfied his obligations from seeking relief in the federal forum.

*Urcinoli* is distinguishable from the case at bar because it rested primarily on the fact that the district court could have heard the properly exhausted and timely claims in the first petition. The petitioner had not failed to satisfy AEDPA, and he was only foreclosed from federal relief because of the district court's dismissal of properly raised claims. Here, on the other hand, both parties agree that the District Court properly found that it could not hear Tarselli's *Miller* claim. Thus, Tarselli is not in the same position as the petitioner in *Urcinoli*, as he has failed to satisfy AEDPA.

*Munchinski v. Wilson*[19] is the closest analogue to Tarselli's case. There, a petitioner filed his first state PCRA petition, which was denied. He then filed a federal habeas petition, during the pendency of which he sought to file a second state PCRA petition with additional claims. The state court dismissed his PCRA petition, erroneously reasoning that it lacked jurisdiction over the petition while his federal petition remained

---

[18] 546 F.3d 269 (3d Cir. 2008).
[19] 694 F.3d 308.

pending. Once this Court finally disposed of the federal petition, the petitioner attempted to refile his amended state PCRA petition; the state court found this third petition untimely, which made the entire pendency of his federal petition ineligible for statutory tolling. We applied equitable tolling to the petitioner's next federal petition, citing *Urcinoli*. In doing so, we reasoned that the state court's mistake of law (in determining that it lacked jurisdiction) coupled with its implication that the petitioner could reassert his claims once the federal appeal was resolved constituted "extraordinary circumstances." We approvingly cited this analysis in *dictum* in *Jenkins v. Superintendent of Laurel Highlands*.[20]

*Munchinski* and the *dictum* in *Jenkins* are also distinguishable from this case because here, the District Court did not commit any legal error in analyzing whether it could hear Tarselli's petition. The parties agree that Tarselli's *Miller* claim has not been properly exhausted, and that AEDPA bars federal courts from exercising jurisdiction over unexhausted claims. Thus, at least one of the rationales underlying *Munchinski* and its reading of *Urcinoli* is not applicable here.

Finally, *Urcinoli*, *Munchinski*, and *Jenkins* share another potentially important feature that is lacking in this case: at the time of the courts' errors in those cases, the petitioners' one-year window for filing a federal petition had not yet run. Thus, all three cases relied in large part on the fact that the courts' errors *actually* operated to prevent the petitioners from timely pursuing their claims. Here, on the other hand, there is no question that Tarselli's one-year window had closed by the time the District Court made

---

[20] 705 F.3d 80, 89 (3d Cir. 2013).

its erroneous calculation of statutory tolling. Even absent the mistake, therefore, Tarselli would not have been able to pursue a federal remedy.

For these reasons, we are not persuaded that equitable tolling applies to Tarselli's case with sufficient certainty to defeat our jurisdiction here. Because we must give 28 U.S.C. § 1291 "a practical construction when warranted[,]"[21] we therefore may exercise our jurisdiction over this appeal.

### III.

We review a district court's decision to dismiss, rather than stay, a habeas petition for abuse of discretion.[22] To establish entitlement to a stay, rather than dismissal, of an unexhausted habeas petition, a petitioner must satisfy three requirements: (1) "good cause," (2) "potentially meritorious claims," and (3) "a lack of intentionally dilatory litigation tactics."[23] The District Court[24] determined that Tarselli failed to establish the first and second prongs of this test. First, it found no good cause because Tarselli's diligent litigation "has tolled the statute of limitations . . .."[25] Further, the District Court held that Tarselli had not raised a potentially meritorious claim given "the current incomplete, and ambiguous fact record" regarding Tarselli's age to the time of his offense.[26] The District Court went on to note that "Tarselli will enjoy ample opportunity

---

[21] *Bensalem Tp. v. Am. Fidelity Fire Ins. Co.*, 644 F.2d 990, 993 (3d Cir. 1981).
[22] *Crews v. Horn*, 360 F.3d 146, 149 (3d Cir. 2004).
[23] *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).
[24] Because the District Court adopted the magistrate judge's report and recommendation in full, we treat the findings of the magistrate judge as the findings of the District Court.
[25] JA 117-18.
[26] JA 118.

to renew his claims in federal court, if necessary"[27] and expressly contemplated "subsequent federal habeas corpus proceedings."[28]

## A.

Although we have not "definitively outline[d] the bounds of [good cause],"[29] we have instructed district courts to consider how much time remains for a petitioner to file a subsequent petition in determining whether good cause exists.[30]

The magistrate judge here recognized as much in resting his entire analysis of good cause on whether Tarselli could refile his petition. The magistrate judge determined that this diligence "has tolled the statute of limitations and essentially eliminated any concerns that good cause exists to stay the petition in lieu of dismissal."[31] Thus, the magistrate judge found that no good cause existed to stay the petition because "Tarselli will enjoy ample opportunity to renew his claims in federal court, if necessary, once those claims have been fully developed and exhausted in the state court system."[32]

As discussed above in Section II(A), this determination was clearly in error because under Supreme Court law, Tarselli's state petition did not toll his federal limitations period. Indeed, the Commonwealth concedes as much,[33] and recognizes that

---

[27] *Id.*
[28] JA 107.
[29] *Heleva*, 581 F.3d at 192 n.3.
[30] *Id.* at 192-93 (considering the time remaining for a subsequent federal petition and concluding that a petitioner's calculation of the statute of limitations was erroneous).
[31] JA 117-18.
[32] JA 118.
[33] *See* Appellee Br. at 4 ("Thus, Appellant's first PCRA in 2012 did not toll the one year period because it was not timely filed. Any new federal habeas petition on this issue would be untimely.").

10

"[a]rguably, then, the jurisdictional time requirements are a good cause for Appellant's failure to exhaust state remedies."[34] We agree; if Tarselli demonstrates that he was a minor at the time of his offense, he will be entitled to resentencing. Dismissing this petition, however, would completely foreclose his access to the federal forum. Under these circumstances, we have no trouble concluding that "good cause" exists to stay Tarselli's petition.

**B.**

The District Court articulated yet another reason for denying a stay in this case, finding that "on the current incomplete, and ambiguous fact record we cannot say that Tarselli has satisfied . . . the requirement that the petitioner present 'potentially meritorious claims.'"[35] The District Court focused on the uncertainty about Tarselli's age, finding that if Tarselli was an adult at the time of his offense, *Miller* would be inapplicable to his case. The Commonwealth urges affirmance on this point, arguing that "[t]here is certainly no guarantee that Appellant will prevail on his claim that he is a juvenile."[36]

Although few courts have clarified what makes a claim "potentially meritorious," the Ninth Circuit—which appears to be the only circuit to have offered any explanation as to this prong—has interpreted *Rhines* to require only that "at least one of [a petitioner's] unexhausted claims is not 'plainly meritless' in order to obtain a stay . . .."[37]

---

[34] *Id.* at 5.
[35] JA 118.
[36] Appellee Br. at 5.
[37] *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017).

11

Thus, the Ninth Circuit will find a claim potentially meritorious "unless it is perfectly

clear that the petitioner has *no* hope of prevailing."[38]  Our district courts appear to employ

a similar focus, dismissing claims that are legally impossible or lack any factual support[39]

and finding claims "potentially meritorious" if they are plausible, even where the facts

underlying those claims are contested.[40]

In light of these standards, the District Court erred in suggesting that it "cannot

ascertain" whether the *Miller* claim is potentially meritorious until the resolution of

Tarselli's state proceedings.  The District Court required proof that the claim is *actually*

meritorious, rather than *potentially* meritorious.  It is uncontested that Tarselli is entitled

to resentencing under *Miller* if his Korean birth documents reveal that he was under 18 at

---

[38] *Id.* (emphasis added) (internal quotation marks omitted) (quoting *Cassett v. Steward*, 406 F.3d 614, 624 (9th Cir. 2005)).

[39] *See, e.g.*, *Perrego v. Gilmore*, No. 14-1799, 2015 WL 3935378, at *3-*5 (M.D. Pa. June 26, 2015) (finding no "potentially meritorious" claims where all unexhausted claims were legally impossible); *McWilliams v. Pennsylvania*, No. 13-2234, 2015 WL 3481146, at *12-*14 (M.D. Pa. June 1, 2015) (denying stay in part because petitioner's own testimony contradicted claims and other claims had been waived on appeal); *McLaughlin v. Shannon*, No. 08-4979, 2010 WL 3169838, at *10 (E.D. Pa. Aug. 10, 2010) (denying stay where unexhausted claim was, *inter alia*, contradicted by five witnesses' testimony); *Patton v. Cameron*, No. 09-1178, 2010 WL 724007, at *10 (M.D. Pa. Mar. 1, 2010) (finding that a claim that lacked legal foundation was meritless).

[40] *See, e.g.*, *Perez v. Varano*, No. 12-7057, 2013 WL 3866596, at *3 (E.D. Pa. July 24, 2013) (finding "claims[] which concern a violation of [petitioner's] constitutional rights based on alleged newly discovered evidence of his possible innocence" to be potentially meritorious); *Mobley v. Coleman*, No. 09-1558, 2010 WL 5206380, at *4 (E.D. Pa. Jan. 28, 2010) (finding claims potentially meritorious because of plausible allegations, even absent current access to record evidence); *Green v. Folino*, No. 03-674, 2006 WL 2092575, at *7 (E.D. Pa. July 26, 2006) (finding a claim potentially meritorious even absent access to record evidence because, if true, allegations established a constitutional violation); *Bartelli v. Wynder*, No. 04-3817, 2005 WL 1155750, at *2 (E.D. Pa. May 12, 2005) (finding claims potentially meritorious because they "allege violations of . . . constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts").

12

the time of his offense. Thus, the sole factual issue to be resolved is Tarselli's date of birth. As neither the District Court nor the Commonwealth have identified definitive proof that Tarselli was not a minor at the time of his offense, this undoubtedly qualifies as potentially meritorious under the rule established by the Ninth Circuit and as apparently applied by district courts in our circuit.

Because the facts underlying Tarselli's petition for *Miller* relief are not so clear as to render his claim patently meritless, we hold that Tarselli's unexhausted claim is potentially meritorious.

### C.

Although the District Court found that Tarselli has diligently pursued his claim in both state and federal court, the Commonwealth asserts in one paragraph of its brief:

> As previously indicated, Appellant has pursued his claims since July 30, 2012. However, the Commonwealth wonders why Appellant did not challenge his sentence previously if he believed he was a juvenile. The Commonwealth suggests this failure to make an age based challenge years ago was dilatory on Appellant's part.[41]

This argument is unpersuasive. While it is true that Tarselli did not bring the instant petition until July 30, 2012, the Commonwealth ignores the fact that *Miller* was not decided until June 25, 2012. Between his initial sentencing and the *Miller* decision, Tarselli had no right to resentencing which he could assert. We cannot now find him dilatory for failing to assert a right which he did not yet have.

On the contrary, Tarselli filed his first state petition approximately one month after

---

[41] Appellee Br. at 5.

13

the Supreme Court created the right he asserts. After it became clear that his state proceedings would not complete before the running of his one-year window under AEDPA, Tarselli filed the instant protective habeas petition on April 15, 2013. Similarly, once the Supreme Court held *Miller* to be retroactive, Tarselli filed a new state petition less than one month later. On these facts, the Commonwealth's argument—that Tarselli has engaged in dilatory tactics solely because of his failure to assert a right which he did not have for the majority of his incarceration—cannot be taken seriously.

Accordingly, we agree with the District Court that Tarselli has not engaged in dilatory tactics. Because Tarselli has satisfied all three requirements for a stay, and the District Court denied his request primarily based on an erroneous understanding of Supreme Court precedent, we hold that the District Court abused its discretion in denying Tarselli's request.

## III.

In light of the foregoing, we will vacate the District Court's dismissal of Tarselli's petition and remand with instructions to stay federal proceedings until such time as the state proceedings are completed.

14