*376 OPINION OF THE COURT
RENDELL, Circuit Judge:
Bernard Johnson filed these consolidated appeals in his criminal case, one from the judgment of his conviction and sentence, and one from an order denying two of his subsequent post-trial motions. He raises thirteen claims of error. We conclude that Johnson’s first claim has merit, as we agree that his waiver of counsel prior to sentencing was not made knowingly or voluntarily, due to the District Court’s failure to conduct a colloquy with Johnson in accordance with our precedent. Accordingly, we will vacate the judgment and remand for resentencing.
I.
The evidence presented at trial demonstrated that Johnson, on two separate occasions, sold quantities of crack cocaine to a confidential informant who was working under the direction of local law enforcement. The evidence also demonstrated that Johnson sold crack cocaine directly to an undercover law enforcement officer on four separate occasions. Johnson was arrested in his car after the fourth and final transaction with the undercover officer. He consented to a police search of his car, and he waived his Miranda rights. The search yielded small zip-lock baggies, the cell phone used by Johnson to set up the drug transactions with the confidential informant, and a loaded .32 caliber semiautomatic pistol.
A grand jury returned an eight-count indictment that charged Johnson with the following: six counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). In August 2003, counsel was appointed and Johnson entered a plea of not guilty.[1] Jury selection and trial were calendared to begin in December 2004. By that time, a third superseding indictment had issued which, in addition to the eight counts in the original indictment, included one count of unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), one count of possessing fifty grams or more of crack cocaine (Count 10), and three special “findings” that the Government intended to use for purposes of sentence-enhancement under the Armed Career Criminal Act.[2]
Before trial began, the Government filed an information pursuant to 21 U.S.C. § 851(a)(1) to establish that Johnson had prior felony convictions. The factual predicate for the information was Johnson’s August 1998 convictions in the Dauphin County Court of Common Pleas on three counts of unlawful delivery of a controlled substance. For those convictions, Johnson was sentenced to two terms of 1-2 years and one term of 3-6 years of imprisonment.
Johnson’s trial started on December 6, 2004. After three days, a jury sitting in the United States District Court for the Middle District of Pennsylvania found Johnson guilty of all ten counts in the third superseding indictment. Though still represented by counsel, Johnson filed two pro se motions, one for a new trial and the other a motion to dismiss alleging vindictive prosecution. The District Court denied the motions, and a sentencing hear *377 ing was scheduled to take place in June 2005. At the hearing, the District Court granted Johnson’s request to proceed pm se and assigned trial counsel to a stand-by capacity. Johnson was sentenced to an aggregate term of 25 years of imprisonment,[3] and he appealed. Thereafter, Johnson filed two pro se motions for production of documents. The District Court denied both motions for lack of jurisdiction, and Johnson appealed from that order as well. The two appeals were consolidated for our review.
A briefing schedule was issued and both Johnson, through counsel, and the Government filed briefs. We granted Johnson’s motions to proceed pro se on appeal, and to withdraw the brief filed by his appellate counsel. Johnson then filed a pro se brief, raising thirteen claims of error.
II.[4]
Relying on our decision in United States v. Salerno, 61 F.3d 214 (3d Cir. 1995), Johnson first claims that the District Court erred when it failed to sufficiently inquire into his waiver of counsel prior to sentencing, rendering the waiver constitutionally deficient. We agree with Johnson and, for the reasons given below, we must remand to the District Court for resentencing. If Johnson wishes to again proceed pro se at sentencing, the District Court must conduct a colloquy in a manner that: (1) covers the issues developed in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); and (2) complies with its obligations outlined in United States v. Peppers, 302 F.3d 120 (3d Cir.2002). We reject Johnson’s remaining claims.[5]
III.
A criminal defendant’s Sixth Amendment right to counsel is to be protected “at every stage of the proceedings.” Von Moltke v. Gillies, 332 U.S. 708, 722, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (Black, J., plurality opinion). That includes sentencing. See Gardner v. Florida, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The right to counsel also “carries as its corollary the right to proceed pro se.” Peppers, 302 F.3d at 129. Before allowing a criminal defendant to proceed pro se, however, the trial court must assure itself that the waiver of counsel is made knowingly and voluntarily. To that end, the Supreme Court has specified that a defendant “should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open.’ ” Faretta, 422 U.S. at 835, 95 S.Ct. 2525 (citation omitted).
In Peppers, we synthesized our case law on this subject and summarized the assurances that a district court entertaining a waiver of counsel should make before allowing the defendant to represent himself:
*378 1. The defendant must assert his desire to proceed pro se clearly and unequivocally.
2. The court must inquire thoroughly to satisfy itself that the defendant understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that the defendant may encounter, and any other facts important to a general understanding of the risks involved.
3. The court must assure itself that the defendant is competent to stand trial.
302 F.3d at 132 (citations and quotations omitted). We also listed a series of fourteen questions, many with sub-parts, to provide a “useful framework” for a district court as it endeavors in the three-part inquiry just described. Id. at 136. “Although no scripted recital is required for this inquiry, we do require that all of the subjects covered in the model questions ... be fully explored in the inquiry, to the extent those subjects are relevant.” United States v. Jones, 452 F.3d 223, 234 (3d Cir.2006).
In the instant case, the District Court’s colloquy was brief and did not cover any of the relevant Peppers subjects:
The Court: You want to represent yourself?
Johnson: Yes, Your Honor.
The Court: I don’t think you should do that. I don’t think that’s a very wise move because there are a lot of things that you aren’t expected to lmow that could enter into things here. So I think you’re going to be at a disadvantage.
Although this is only a sentencing proceedings, nevertheless, I think you should allow Mr. Yaninek to continue to represent you, because while you’re expressing dissatisfaction in certain things that he has done or has not done, I do think you need assistance this morning at sentencing.
In spite of that, do you still wish to represent yourself?
Johnson: Yes, Your Honor.
The Court: All right. I’m going to allow you to represent yourself, but I’m going to appoint Mr. Yaninek as standby counsel. What that means is, if you wish to consult with him during this proceeding, you would have an opportunity to do that. Do you understand that?
Johnson: Yes, Your Honor.
The Government does not contest the deficient nature of the District Court’s colloquy. Instead, the Government primarily argues that any error by the District Court is harmless because Johnson received the statutory minimum sentence for his convictions. But a violation of a defendant’s right to counsel at the critical stage of sentencing is a structural error, and is therefore not subject to an analysis of whether the error was harmless or prejudicial. Peppers, 302 F.3d at 127.
Nevertheless, the Government suggests that a remand for resentencing is futile because Johnson will be “subject to precisely the same mandatory terms of imprisonment to which he was sentenced in the first instance.” The Government presumes that, after a proper colloquy by the District Court, Johnson will again elect to proceed pro se, and that his challenge to the quantity of crack cocaine possessed in Count Ten of the third superseding indictment will again be rejected by the District Court (thus triggering the twenty-year mandatory minimum sentence). The occurrence of that series of events is entirely possible, but by no means certain. In fact, it appears that Johnson would have preferred representation at sentencing, albeit from a different attorney, over representing himself: “because the court refused to *379 appoint new counsel prior to sentencing, Appellant felt that he had no freedom of choice [as to] whether he should proceed pro se and was bowing to the inevitable.” (Pro se Br. at 2) (quotation omitted).
IV.
For the reasons given in this opinion, we will VACATE Johnson’s sentence and REMAND for resentencing.[6]

. Johnson’s later acceptance of, and then withdrawal from, a plea agreement from the Government is not relevant to this appeal, but it is noted here as part of the procedural history.

. One of the “findings” averred that Count 10 involved Johnson’s possession with intent to distribute between 150 and 500 grams of crack cocaine.

.Johnson's sentence consisted of seven terms of 20 years of imprisonment for his convictions under 21 U.S.C. § 841(a)(1), and two terms of 10 years of imprisonment for his convictions under 18 U.S.C. § 922(g)(1), all to run concurrently. The sentence also included a mandatory term of 5 years of imprisonment for his conviction under 18 U.S.C. § 924(c). The 20-year term of imprisonment resulted from Johnson's conviction on Count 10 and his prior convictions for felony drug offenses. See 21 U.S.C. § 841(b)(l)(A)(iii).

. We have jurisdiction pursuant to 28 U.S.C. § 1291.

. The majority of Johnson’s claims challenge various aspects of his trial, and one asserts ineffective assistance of trial counsel. Johnson also takes issue with the District Court's denial of his two post-sentence motions for production of documents, but the District Court lacked jurisdiction over those motions while Johnson's first appeal was pending. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir.1985).

. Johnson's motions for summary remand, sanctions against the Government, and issue preservation are denied.