**UNITED STATES of America**

v.

**Bernard JOHNSON, Appellant.**

**Nos. 08–2503, 08–2669.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 22, 2010.

Opinion filed: Dec. 22, 2010.

Eric Pfisterer, Esq., Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Bernard Johnson, Waymart, PA, pro se.

Before: RENDELL, CHAGARES and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellant Bernard Johnson appeals orders of the District Court denying his Rule 33 motion for a new trial and his motion to alter or amend the judgment. For the reasons that follow, we will affirm.

A grand jury returned an eight-count indictment that charged Johnson with six counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). Ultimately a third superseding indictment issued, which, in addition to the eight counts in the original indictment, included one count of unlawful possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing fifty grams or more of crack cocaine.

A jury sitting in the United States District Court for the Middle District of Pennsylvania found Johnson guilty of all ten counts in the third superseding indictment, with the drug quantity determined to be at least fifty but less than 150 grams. Though still represented by counsel, Johnson filed two pro se motions, one for a new trial and the other a motion to dismiss alleging vindictive prosecution. The District Court denied the motions. At the sentencing hearing in June, 2005, the District Court granted Johnson's request to proceed pro se and assigned trial counsel to a stand-by capacity. Johnson was sentenced to an aggregate term of 25 years of imprisonment, and he appealed. Thereafter, Johnson filed two pro se motions for production of documents. The District Court denied both motions, and Johnson appealed from that order as well. The two appeals were consolidated for our review (C.A. Nos. 05–3070 & 05–06–3222).

We granted Johnson's motions to proceed pro se on appeal, and to withdraw the brief filed by his appellate counsel. Johnson then filed a pro se brief, raising thirteen claims of error. On March 2, 2010, we affirmed the judgment of conviction and the orders denying Johnson's pro se motions, see *United States v. Johnson*, 367 Fed.Appx. 375 (3d Cir.2010), but we vacated Johnson's sentence and remanded for resentencing, holding that the District Court failed to sufficiently inquire into Johnson's waiver of counsel at sentencing under *United States v. Salemo*, 61 F.3d 214 (3d Cir.1995), and *United States v. Peppers*, 302 F.3d 120 (3d Cir.2002).[1] We note that on remand the District Court has appointed new counsel to represent Johnson, and continued the sentencing hearing at his request.

Meanwhile, on December 10, 2007, Johnson filed a pro se motion under Federal Rule of Criminal Procedure 33(b)(1) for a new trial based on newly discovered evidence. Johnson also asserted that the District Court lacked jurisdiction to convict him, and that the Government refused to produce *Brady* material, see *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (withholding by prosecution of evidence favorable to accused violates due process where evidence is material to guilt or punishment), and relied on perjured testimony to convict him.

1. We described the evidence as follows:

    The evidence presented at trial demonstrated that Johnson, on two separate occasions, sold quantities of crack cocaine to a confidential informant who was working under the direction of local law enforcement. The evidence also demonstrated that Johnson sold crack cocaine directly to an undercover law enforcement officer on four separate occasions. Johnson was arrested in his car after the fourth and final transaction with the undercover officer. He consented to a police search of his car, and he waived his *Miranda* rights. The search yielded small zip-lock baggies, the cell phone used by Johnson to set up the drug transactions with the confidential informant, and a loaded .32 caliber semi-automatic pistol.

    *Id.* at 376. We rejected without discussion 12 of the 13 errors Johnson raised. *See id.* at 377.

In an order entered on May 9, 2008, the District Court summarily denied the Rule 33 motion. With respect to the "Ryan Neal Report," the District Court concluded that Johnson had not been diligent in obtaining the report. In addition, Johnson argued only that the report would have allowed him to impeach Neal's trial testimony, but impeachment evidence is not enough to warrant granting a new trial under Rule 33. With respect to the Government's Exhibit List, the District Court concluded that Johnson had not been diligent in obtaining it because it was available at the time of trial. Moreover, the list was not "evidence." The ATF report dated February 5, 2004 played no role in Johnson's conviction or sentence and thus it was not material to the issues involved, and the "Matthew Taylor Report" was at best impeachment evidence.

With respect to Johnson's other arguments, the District Court held that jurisdiction to convict Johnson was not lacking. The court had subject matter jurisdiction under 18 U.S.C. § 3231, *see United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and the third superseding indictment was signed by the grand-jury foreperson, as required by criminal Rule 6(c), and by an attorney for the government, as required by Rule 7(c)(1). Johnson's *Brady* and perjured testimony claims were untimely under Rule 33(b)(2) (motion for new trial based on any reason other than newly discovered evidence "must be filed within 7 days after the verdict").[2] Johnson appealed this order and also filed a motion to alter or amend the judgment. The District Court denied this latter motion in an order entered on May 21, 2008, and Johnson ap-

pealed from that order as well. Both appeals are ripe for decision.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction to deny the Rule 33 motion. *See Venen v. Sweet,* 758 F.2d 117, 123 n. 7 (3d Cir.1985) ("When a new trial is sought under Rule 33, Fed.R.Crim.P. while the direct appeal is pending, a district court has power to deny the motion. . . ."). The denial of a Rule 33 motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion. *See United States v. Saada,* 212 F.3d 210, 215 (3d Cir.2000).

Johnson contends in his brief on appeal that the District Court abused its discretion in denying his motion for a new trial; his newly discovered evidence coupled with the Government's use of perjured testimony at trial warrants a new trial; the District Court abused its discretion in denying his motion to alter or amend the judgment; the District Court erred in summarily denying his motion and the Government waived its defenses to the motion by not responding; the District Court erred in not granting him a hearing on his *Brady* claim (Johnson explained that his newly discovered evidence is also his *"Brady"* evidence); the District Court erred in failing to take notice of adjudicative facts under Federal Rule of Evidence 201; and the District Court abused its discretion in refusing to correct clerical errors under criminal Rule 36.[3]

We reject these arguments as meritless. The District Court may grant a Rule 33 motion for a new trial based on newly

---

**2.** We note that Rule 33 was amended effective December 1, 2009 and now provides for 14 days after the verdict or finding of guilty in which to file a motion not grounded on newly discovered evidence.

**3.** The latter two contentions we reject as frivolous; they do not merit discussion.

discovered evidence where the following five requirements are met:

> (a) the evidence must be in fact, newly discovered, *i.e.*, discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Cimera,* 459 F.3d 452, 458 (3d Cir.2006). *See also United States v. Iannelli,* 528 F.2d 1290, 1292 (3d Cir.1976).

We agree with the District Court, for the reasons given by the District Court, that Johnson's evidence does not warrant a new trial under Rule 33. The District Court reviewed each of the five requirements and concluded that they had not been satisfied. We have considered Johnson's arguments to the contrary and find them to be without any merit. Furthermore, because the evidence is not exculpatory, *see Brady,* 373 U.S. 83, 83 S.Ct. 1194, there was no basis for holding an evidentiary hearing on it. We conclude that the District Court did not abuse its discretion in denying Johnson's motion to alter or amend, which Johnson contends was simply a motion for reconsideration, because the motion did not show an intervening change in the law, new evidence, or the need to correct a clear error of law. *See Max's Seafood Café v. Quinteros,* 176 F.3d 669, 673 (3d Cir.1999).

We note that Johnson argued his perjured testimony claim, which involved the trial and suppression hearing testimony of Detective Donald Cairns and Detective Todd Johnson, in his pro se brief on direct appeal from the judgment of conviction and sentence, *see* Appellant's Brief (C.A. No. 05-3070), at 40-46. We rejected the claim as meritless, and so this use of Rule 33 to relitigate an issue that was raised and decided on direct appeal from the judgment of conviction and sentence is not proper and we will not permit it. *Cf. United States v. DeRewal,* 10 F.3d 100, 105 n. 4 (3d Cir.1993) (refusing to permit relitigation of issues raised on direct appeal from judgment of conviction in motion to vacate sentence under 28 U.S.C. § 2255).

Last, Johnson contends that the Government waived all defenses by not responding to his Rule 33 motion and the District Court erred in summarily denying it without seeking a response from the Government. The Government responds in its brief that, because a District Court lacks jurisdiction to *grant* a motion for a new trial under Rule 33 where a direct appeal is pending and the "appellate court [has not] remand[ed] the case," Fed. R.Crim. Pro. 33(b)(1), it was entitled to wait until the circumstances required a response. *See* Appellee's Brief, at 36.

Though the Government's argument may have some merit, we are persuaded that, insofar as the Rule 33 motion at issue was Johnson's second such motion for a new trial and fifth postjudgment motion, and it was in significant part an attempt to relitigate matters decided on direct appeal from the judgment of conviction, including some of his "newly" discovered evidence, *see* Appellant's Brief (C.A. No. 05-3070), at 47-48, the usual presumptions about the adversarial process may be set aside here. *See Day v. McDonough,* 547 U.S. 198, 208-09, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). *Cf.* Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief, the judge must dismiss the motion ...."). The District Court did not abuse its discre-

tion in summarily denying Johnson's Rule 33 motion.

For the foregoing reasons, we will affirm the orders of the District Court denying Johnson's Rule 33 motion and motion for reconsideration. Johnson's motion for a summary remand is denied.